OHIO FARMERS INSURANCE COMPANY, APPELLANT AND CROSS-APPELLEE,
*v.* BINEGAR ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as *Ohio Farmers Ins. Co. v. Binegar* (1994), 70 Ohio St.3d 562.]

(Nos. 94–525 and 94–692—Submitted June
29, 1994—Decided October 19, 1994.)

*Freund, Freeze & Arnold, Stephen V. Freeze* and *Gregory J. Berberich,* for appellant and cross-appellee.

*Lamkin, Van Eman, Trimble, Beals & Rourke* and *Timothy Van Eman,* for appellees and cross-appellants.

The motion to certify the record is overruled. The cross-motion to certify the record is allowed.

Finding its judgment to be in conflict with the judgments of the Court of Appeals for Ross County in *Hutchison v. Midwestern Indemn. Co.* (Aug. 5, 1987), Ross App. No. 1352, unreported, and *Hutchison v. Midwestern Indemn. Co.* (Mar. 2, 1989), Ross App. No. 1496, unreported, the court of appeals certified the record of the case to this court for review and final determination on the following question: "[W]hether the failure to file a wrongful death action within the time period prescribed by R.C. 2125.02(D) bars an underinsured motorist's claim by a person who would otherwise be entitled to recover wrongful death damages from a tortfeasor."

Due to the disposition of the case, the court declines to address the question certified by the court of appeals.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for application of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs separately.

WRIGHT, J., dissents.

MOYER, C.J., concurring separately. I concur separately in the judgment entry in the above-styled case. As my dissent in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, stated, I do not agree with the law announced in the majority decision. Nevertheless, it is the law on the issue in the above-styled case. As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment. entry.

WRIGHT, J., dissenting. I respectfully dissent on the same grounds I previously expressed in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. Additionally, by merely remanding this case pursuant to *Savoie* we leave open and disregard the recent changes adopted by the General Assembly,[1] which,

---

1. Sub.S.B. No. 20 revisions to R.C. Chapter 3937, effective October 20, 1994, follow in pertinent part:

"AN ACT

"To amend sections * * * 3937.18 * * * and to enact sections * * * 3937.44 * * * to permit automobile liability insurance policies to preclude all stacking of coverages; to declare that underinsured motorist coverage is not excess coverage; to permit all liability insurance policies with

coverage limits for bodily injury to include terms and conditions making all claims arising from one person's injury subject to the liability limit for injury sustained by one person[.]"

"Sec. 3937.18. (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following COVERAGES are provided TO PERSONS INSURED UNDER THE POLICY FOR LOSS DUE TO BODILY INJURY OR DEATH SUFFERED BY SUCH PERSONS:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, ~~resulting therefrom~~ SUFFERED BY ANY PERSON INSURED UNDER THE POLICY;

"(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, SUFFERED BY ANY PERSON INSURED UNDER THE POLICY, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage[.] ~~at the time of the accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured~~ UNDERINSURED MOTORIST COVERAGE IS NOT AND SHALL NOT BE EXCESS INSURANCE TO OTHER APPLICABLE LIABILITY COVERAGES, AND SHALL BE PROVIDED ONLY TO AFFORD THE INSURED AN AMOUNT OF PROTECTION NOT GREATER THAN THAT WHICH WOULD BE AVAILABLE UNDER THE INSURED'S UNINSURED MOTORIST COVERAGE IF THE PERSON OR PERSONS LIABLE WERE UNINSURED AT THE TIME OF THE ACCIDENT. THE POLICY LIMITS OF THE UNDERINSURED MOTORIST COVERAGE SHALL BE REDUCED BY THOSE AMOUNTS AVAILABLE FOR PAYMENT UNDER ALL APPLICABLE BODILY INJURY LIABILITY BONDS AND INSURANCE POLICIES COVERING PERSONS LIABLE TO THE INSURED.

" * * *

"(G) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section may, WITHOUT REGARD TO ANY PREMIUMS INVOLVED, include terms and conditions that preclude ANY AND ALL stacking of such coverages, INCLUDING BUT NOT LIMITED TO:

"(1) INTERFAMILY STACKING, WHICH IS THE AGGREGATING OF THE LIMITS OF SUCH COVERAGES BY THE SAME PERSON OR TWO OR MORE PERSONS, WHETHER FAMILY MEMBERS OR NOT, WHO ARE NOT MEMBERS OF THE SAME HOUSEHOLD;

"(2) INTRAFAMILY STACKING, WHICH IS THE AGGREGATING OF THE LIMITS OF SUCH COVERAGES PURCHASED BY THE SAME PERSON OR TWO OR MORE FAMILY MEMBERS OF THE SAME HOUSEHOLD.

"(H) ANY AUTOMOBILE LIABILITY OR MOTOR VEHICLE LIABILITY POLICY OF INSURANCE THAT INCLUDES COVERAGES OFFERED UNDER DIVISION (A) OF THIS SECTION AND THAT PROVIDES A LIMIT OF COVERAGE FOR PAYMENT FOR DAMAGES FOR BODILY INJURY, INCLUDING DEATH, SUSTAINED BY ANY ONE PERSON IN ANY ONE AUTOMOBILE ACCIDENT, MAY, NOTWITHSTANDING CHAPTER 2125. OF THE REVISED CODE, INCLUDE TERMS AND CONDITIONS TO THE EFFECT THAT ALL CLAIMS RESULTING FROM OR ARISING OUT OF ANY ONE PERSON'S BODILY INJURY, INCLUDING DEATH, SHALL COLLECTIVELY BE SUBJECT TO THE LIMIT OF THE POLICY APPLICABLE TO BODILY INJURY, INCLUDING DEATH, SUSTAINED BY

among other things, specifically overrule *Savoie* and make such legislation retroactive.[2]

ONE PERSON, AND, FOR THE PURPOSE OF SUCH POLICY LIMIT SHALL CONSTITUTE A SINGLE CLAIM. ANY SUCH POLICY LIMIT SHALL BE ENFORCEABLE REGARDLESS OF THE NUMBER OF INSUREDS, CLAIMS MADE, VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS OR POLICY, OR VEHICLES INVOLVED IN THE ACCIDENT.

"(H)(I) Nothing in this section shall prohibit the inclusion of underinsured motorist coverage in any uninsured motorist coverage provided in compliance with this section."

"Sec. 3937.44. ANY LIABILITY POLICY OF INSURANCE INCLUDING, BUT NOT LIMITED TO, AUTOMOBILE LIABILITY OR OTHER VEHICLE LIABILITY INSURANCE THAT PROVIDES A LIMIT OF COVERAGE FOR PAYMENT OF DAMAGES FOR BODILY INJURY, INCLUDING DEATH, SUSTAINED BY ANY ONE PERSON IN ANY ONE ACCIDENT, MAY, NOTWITHSTANDING CHAPTER 2125. OF THE REVISED CODE, INCLUDE TERMS AND CONDITIONS TO THE EFFECT THAT ALL CLAIMS RESULTING FROM OR ARISING OUT OF ANY ONE PERSON'S BODILY INJURY, INCLUDING DEATH, SHALL COLLECTIVELY BE SUBJECT TO THE LIMIT OF THE POLICY APPLICABLE TO BODILY INJURY, INCLUDING DEATH, SUSTAINED BY ONE PERSON, AND, FOR THE PURPOSE OF SUCH POLICY LIMIT SHALL CONSTITUTE A SINGLE CLAIM. ANY SUCH POLICY LIMIT SHALL BE ENFORCEABLE REGARDLESS OF THE NUMBER OF INSUREDS, CLAIMS MADE, VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS OR POLICY, OR VEHICLES INVOLVED IN THE ACCIDENT."

"Section 6. It is the intent of the General Assembly in amending division (A)(2) of section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in the October 1, 1993 decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, relative to the application of underinsured motorist coverage in those situations involving accidents where the tortfeasor's bodily injury liability limits are greater than or equal to the limits of the underinsured motorist coverage."

2. Sub. S.B. No. 20 continues:

"Section 7. It is the intent of the General Assembly in amending division (A)(2) of section 3937.18 of the Revised Code to declare and confirm that the purpose and intent of the 114th General Assembly in enacting division (A)(2) of section 3937.18 in Am.H.B. 489 was, and the intent of the General Assembly in amending section 3937.18 of the Revised Code in this act is, to provide an offset against the limits of the underinsured motorist coverage of those amounts available for payment from the tortfeasor's bodily injury liability coverage.

"Section 8. It is the intent of the General Assembly in amending division (G) of section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in its October 1, 1993 decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, relative to the stacking of insurance coverages, and to declare and confirm that the purpose and intent of the 114th General Assembly in enacting division (G) of section 3937.18 in Am.H.B. 489 was, and the intent of the General Assembly in amending section 3937.18 of the Revised Code in this act is, to permit any motor vehicle insurance policy that includes uninsured motorist coverage and underinsured motorist coverage to include terms and conditions to preclude any and all stacking of such coverages, including interfamily and intrafamily stacking.

"Section 9. It is the intent of the General Assembly in enacting division (H) of section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in its October 1, 1993 decision in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, that declared unenforceable a policy limit that provided that all claims for damages resulting from bodily injury, including death, sustained by any one person in any one automobile accident would be consolidated

I would take this case in and brief the issue of retroactivity of the legislation and its effect on *Savoie*.

---

under the limit of the policy applicable to bodily injury, including death, sustained by one person, and to declare such policy provisions enforceable."