STOVER, Appellee,

v.

**STATE FARM INSURANCE COMPANY, Appellant.**

[Cite as *Stover v. State Farm Ins. Co.* (1998), 127 Ohio App.3d 590.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–98–12.

Decided May 21, 1998.

*Williams, Jilek, Lafferty & Gallagher Co., L.P.A.,* and *Drew R. Masse,* for appellee.

*Gallagher, Bradigan, Gams, Pryor & Littrell, L.L.P.,* and *James R. Gallagher,* for appellant.

HADLEY, Judge.

This is an appeal of a Seneca County Common Pleas Court judgment entry both granting and dismissing the parties' relative summary judgment motions on a declaratory judgment action. For the following reasons, we affirm that decision in part and reverse it in part.

On November 14, 1986, Leo Stover was severely injured in a car accident when he collided with Melinda Shepard. Due to a brain injury, Leo was declared incompetent and his wife, Angeline ("appellee"), was granted legal guardianship of Leo.

At the time of the accident, Leo Stover had four insurance policies through State Farm Insurance Company ("appellant").

On or about October 28, 1988, Angeline, acting on Leo's behalf, sued Melinda for Leo's bodily damages. Additionally, she also sought damages for her loss of consortium.

Then, on February 28, 1990, appellee filed a voluntary dismissal of the action pursuant to Civ.R. 42(A)(1). Appellee never refiled her loss-of-consortium claim against Melinda.

On August 12, 1991, appellee and Melinda formally agreed to settle the case. Pursuant to the settlement agreement, appellee released Melinda from any further claims on behalf of Leo. Additionally, Leo received the full policy limits of $100,000 under Melinda's liability policy.

On February 9, 1994, appellee filed a declaratory judgment lawsuit against appellant seeking underinsured motorist benefits. Appellee then voluntarily dismissed that lawsuit on April 26, 1995.

On April 25, 1996, appellee refiled her declaratory judgment lawsuit. In that complaint, appellee sought to recover underinsured motorist benefits both for herself and on Leo's behalf.

On June 9, 1997, appellee filed a summary judgment motion requesting the trial court to find that she was entitled to declaratory judgment as a matter of law. Appellant responded on June 25, 1997. Additionally, appellant also filed a cross-motion for summary judgment.

On December 23, 1997, the trial court granted appellee's summary judgment motion on her declaratory judgment action. In its judgment entry, the trial court found that appellee was entitled to $400,000 in underinsured motorist coverage. That same day, it denied appellant's cross-motion for summary judgment.

It is from that decision appellant now appeals, with the following three assignments of error.

## ASSIGNMENT OF ERROR NO. 1

"The court erred in ruling that Angeline Stover is entitled to assert a claim under the underinsured motorist coverage of the State Farm policies."

■ We must initially decide if the December 23, 1997 judgment entry is a final appealable order. R.C. 2505.02 provides that orders affecting a substantial right in a special proceeding are final appealable orders. Declaratory judgment actions have been held to be special proceedings within the meaning of R.C. 2505.02, and, therefore, an order entered therein that affects a substantial right is a final appealable order. *General Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 22, 540 N.E.2d 266, 271–272.

In the present case, the record reflects that appellee filed a summary judgment motion requesting the trial court to find that she was entitled to declaratory judgment as a matter of law. When the trial court granted her motion, appellant's right to defend was affected.[1] Therefore, we find that the order was final because it affected a substantial right in a special proceeding. See *Mezerkor v. Mezerkor* (1994), 70 Ohio St.3d 304, 306, 638 N.E.2d 1007, 1009 (holding that the granting of summary judgment in a declaratory judgment action was a final appealable order).

We now turn to appellant's assignments of error. In its first assignment of error, appellant contends that appellee was not legally entitled to assert an underinsured motorist claim. Therefore, appellant concludes that the trial court erred in granting appellee's summary judgment motion.

The relevant insurance policy states: "We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of the uninsured motor vehicle." Both parties agree that under the definition section of the policy, appellee would qualify as an insured for purposes of any underinsured motorist claim. However, a question arises concerning appellee's status as "legally entitled to file a claim."

When the accident occurred, appellee was not with her husband. Therefore, her only underlying claim for purposes of underinsured motorist benefits is loss of consortium.

■ Appellant initially contends that appellee's failure to file her loss-of-consortium claim within the statute of limitations precluded her from recovering any uninsured motorist benefits. However, appellee claims that she does have a valid claim, as she filed within the statute of limitations governing contract law.

An action on a contract is subject to a fifteen-year statute of limitations. *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 64, 543 N.E.2d 488, 489–490, citing R.C. 2305.06. Therefore, appellee has fifteen years to file a claim for underinsured motorist benefits.

---

1. The relevant portion of the judgment entry reads: "Therefore this Court rules Angeline Stover is entitled to $400,000.00 in underinsured coverage."

However, the insurance policy "is not intended to establish what type and to what extent damages should be recoverable." *Nationwide Ins. Co. v. Fryer* (1990), 62 Ohio App.3d 905, 908, 577 N.E.2d 746, 749. Rather, tort law controls the amount of damages available in a personal injury action. *Id.* at 909, 577 N.E.2d at 749.

■ In the present case, the record indicates that appellee's claim developed from an accident that occurred on November 14, 1986. Therefore, she had four years from that date to file her loss-of-consortium claim against the tortfeasor. See *Grange, supra,* 45 Ohio St.3d at 65, 543 N.E.2d at 490 (holding that a cause of action ordinarily accrues, and the limitations period begins to run, when the violation giving rise to liability occurs); R.C. 2305.09(D).

Appellee initially filed a loss-of-consortium claim against the tortfeasor on October 28, 1988. Then, she requested, and was granted, a voluntary dismissal of her case without prejudice on or about February 28, 1990.

Voluntary dismissals toll the applicable statute of limitations for one additional year. See R.C. 2305.19. Therefore, appellee would have had a valid loss-of-consortium claim had she refiled her case on or before February 28, 1991.

However, the record indicates that appellee never refiled her cause of action, thereby preserving her right to recovery. Lacking a valid right to recovery on her loss-of-consortium claim, appellee no longer has a valid legally enforceable right to collect underinsured motorist benefits.[2] Therefore, we hold that the trial court erred in finding that appellee was legally entitled to collect underinsured motorist benefits when she missed the loss-of-consortium statute of limitations.[3]

■ Additionally, appellant argues that the trial court erred in finding appellee legally entitled to collect underinsured motorist benefits when she violated the subrogation clause. That clause states:

"b. Under uninsured motor vehicle coverage:

"(1) we are subrogated to the extent of our payments to the proceeds of any settlement the injured person recovers from any party liable for the bodily injury.

"(2) if the person to or for whom we have made payment has not recovered from the party at fault, he or she shall:

---

**2.** We do note that had appellee refiled her loss-of-consortium claim on or before February 28, 1991, she would have had ten more years to file her claim under the contract statute of limitations.

**3.** Contrary to the trial court's assertions, in their answer to appellee's complaint, appellant raised the statute-of-limitations defense.

"(a) keep those rights in trust for us;

"(b) execute any legal papers we need; and

"(c) when we ask, take action through our representative to recover our payments."

We have previously found that appellee never refiled her loss-of-consortium claim, thereby allowing the statute of limitations to lapse. Accordingly, we find that, in doing so, appellee failed to fulfill her obligation under the subrogation clause. Therefore, we find that the trial court again erred in finding that she is legally entitled to collect underinsured motorist benefits.

Summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192–1193; *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379–1380; *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339–340, 617 N.E.2d 1123, 1125–1126.

For the aforementioned reasons, we find that appellee is not legally entitled to collect underinsured motorist benefits. Therefore, we find that appellant's summary judgment motion should have been granted and that appellee's summary judgment motion denied.

Accordingly, we sustain appellant's first assignment of error and reverse the trial court's judgment.

## ASSIGNMENT OF ERROR NO. 2

"The trial court erred in holding that Angeline Stover is entitled to assert a claim for underinsured motorist coverage for the additional reason that plaintiffs/appellees have already entered into a full and final settlement pursuant to which they released any and all further claims that they had or may have had against both the tortfeasor and State Farm."

In its second assignment of error, appellant claims that appellee waived her rights to any underinsured motorist benefits when the 1991 settlement was signed. Specifically, appellant asserts that in signing the settlement agreement, appellee breached her policy's subrogation clause.

However, we have reviewed the settlement release in question. We find that appellee signed the release only in her capacity as Leo's legal guardian. Therefore, she never released her own rights against the tortfeasor.

Accordingly, we overrule appellant's second assignment of error.

## ASSIGNMENT OF ERROR NO. 3

"Even if Angeline Stover were not barred from asserting her claim by the release and by her failure to preserve her legal entitlement to collect against the tortfeasor, the trial court erred in ruling that she is entitled to 'stack' the policies issued by State Farm to her husband."

Appellant maintains that the trial court erred in not following the anti-stacking clauses contained in its four policies issued to Leo.

We note that the law surrounding antistacking provisions has changed over the years. However, since the accident here occurred in 1986, we are bound to follow the law that was in effect at that time.[4] See *Benson v. Rosler* (1985), 19 Ohio St.3d 41, 19 OBR 35, 482 N.E.2d 599.

At the time the policy was effective, insurance companies were permitted, pursuant to R.C. 3937.18(G), to preclude the stacking of uninsured motorist coverage. *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 164, 10 OBR 497, 497–498, 462 N.E.2d 403, 404–405. However, to be valid, the antistacking provisions must be both unambiguous, clear and conspicuous in the insurance contract. *Id.* at 166, 10 OBR at 499, 462 N.E.2d at 406.

In the present case, the antistacking provisions state:

"1. If Other Policies Issued By Us to You Apply

"If two or more motor vehicle liability policies issued by us to you providing uninsured motor vehicle coverage apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability."

We find the above language to be unambiguous. It was also clear and conspicuous. The section was entitled "If Other Policies Issued By Us to You Apply" and was typed in bold letters. Therefore, we find that the antistacking provisions were valid in the present case. Accordingly, we find that the trial court erred in ruling that appellee was entitled to $400,000 in underinsured motorist coverage.

For the aforementioned reasons, we sustain appellant's third assignment of error.

Accordingly, we affirm in part and reverse in part the Seneca County Common Pleas Court decision. We furthermore find that appellant's summary judgment motion should be granted for the reasons stated in our analysis of the first assignment of error. Additionally, appellee's summary judgment motion should

---

4. The relevant insurance policies were effective from 1985–1987.

have been denied for the same reasons. Therefore, we remand this case to the trial court for further proceedings in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

SHAW, P.J., and EVANS, J., concur.