DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court summary judgment in favor of The Cincinnati Insurance Company, defendant below and appellee[1] herein. The trial court determined that Pamela Lanthorn, plaintiff below and appellant[2] herein, is not "legally entitled to recover" uninsured motorist (UM) benefits under appellee's policy for her loss of consortium claim regarding one of her daughters, Jessica Lanthorn, who was involved in a car accident.
 {¶ 2} Appellant raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 {¶ 3} "THE TRIAL COURT ERRED IN GRANTING CINCINNATI INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON PAMELA LANTHORN'S CLAIM FOR LOSS OF PARENTAL CONSORTIUM CONCERNING HER DAUGHTER, JESSICA LANTHORN, BECAUSE THE TRIAL COURT APPLIED THE WRONG STATUTE OF LIMITATIONS."
SECOND ASSIGNMENT OF ERROR:
 {¶ 4} "IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN GRANTING CINCINNATI INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON PAMELA LANTHORN'S CLAIM FOR LOSS OF PARENTAL CONSORTIUM CONCERNING HER DAUGHTER, JESSICA LANTHORN, BECAUSE THE SAVINGS STATUTE, R.C. 2305.19, APPLIED."
 {¶ 5} On August 29, 1993, appellant's three daughters, Jessica, Leah, and Danielle, were involved in a car accident. On August 7, 1997, appellant filed a complaint against, inter alia, appellee. Appellant's complaint asserted, inter alia, loss of consortium regarding two of the daughters, Leah and Danielle, but did not assert a loss of consortium claim regarding Jessica. Appellant also sought UM coverage under appellee's policy.[3] Shortly before trial, appellant voluntarily dismissed the case.
 {¶ 6} On December 7, 1999, appellant filed a new complaint. The new complaint was almost identical to the first complaint, except that it added a loss of consortium claim regarding Jessica.
 {¶ 7} On January 4, 2000, appellee filed a motion for summary judgment. Appellee argued, inter alia, that appellant's UM claim for her loss of consortium claim regarding Jessica should be dismissed because appellant is not "legally entitled to recover," as defined in its policy. Appellee noted that its policy provides that it will pay under its policy for "compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury * * * *." Appellee asserted that because appellant's loss of consortium claim against the tortfeasor was not filed within the statute of limitations and was not saved by the savings clause, appellant did not have a claim for which she was "legally entitled to recover. Thus, appellee contended that it possessed no obligation to pay under its UM policy provisions.
 {¶ 8} On February 3, 2000, appellant filed a combined cross-motion for summary judgment and a memorandum contra appellee's motion. Appellant argued, inter alia, that the statute of limitations did not bar her loss of consortium regarding Jessica. Appellant asserted that her claim for UM coverage is an action in contract, subject to a fifteen year statute of limitations. Appellant contended that she filed her UM claim within fifteen years and thus, that her claim is not time-barred. Appellant alternatively argued that if the four year statute of limitations applicable to loss of consortium claims applied, she nonetheless timely asserted her loss of consortium claim regarding Jessica. Appellant contended that the savings statute applied to render the claim timely filed. Appellant argued that the original complaint and the new complaint were substantially similar so as to bring her new claim for loss of consortium regarding Jessica within the savings statute.
 {¶ 9} On June 11, 2002, the trial court granted appellee's motion for summary judgment. Appellant filed a timely notice of appeal.
 {¶ 10} Because appellant's two assignments of error both address the propriety of the trial court's decision granting summary judgment in appellee's favor, we will consider the assignments of error together.
 A SUMMARY JUDGMENT STANDARD {¶ 11} We initially note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243; Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 12} Civ.R. 56(C) provides, in relevant part, as follows:
 {¶ 13} "* * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 14} Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 {¶ 15} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 {¶ 16} "* * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 17} Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. SeeDresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; Jacksonv. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52,567 N.E.2d 1027.
 {¶ 18} Applying the foregoing principles to the case at bar, we conclude that the trial court properly granted summary judgment in appellee's favor.
 B STATUTE OF LIMITATIONS {¶ 19} In her first assignment of error, appellant argues that the trial court erred by determining that the four-year statute of limitations applies rather than the fifteen-year statute applicable to contracts. Although we agree with appellant that the fifteen-year statute of limitations applies to her claim for UM coverage under the contract, see Stover v. State Farm Ins. Co. (1998), 127 Ohio App.3d 590,713 N.E.2d 505, the ultimate question in the case at bar is not whether appellant timely asserted her claim for UM coverage against appellee, but whether appellant is "legally entitled to recover" under appellee's policy for her loss of consortium claim regarding Jessica.
 {¶ 20} In order to determine whether appellant is "legally entitled to recover" for her loss of consortium claim, we must examine whether appellant possesses a valid cause of action for her loss of consortium claim. Thus, this inquiry requires an examination of the statute of limitations regarding consortium claims. If the statute of limitations bars appellant's consortium claim, she is not "legally entitled to recover" and appellee possesses no obligation to pay under its UM policy provisions. See Stover (concluding that although the plaintiff initiated complaint against insurer for underinsured motorist coverage to compensate her for loss of consortium within the fifteen-year statute of limitations for a contract, the plaintiff was not entitled to UIM coverage because she was not "legally entitled to recover" when the statute of limitations for her loss of consortium claim as against the tortfeasor had expired).
 C SAVINGS STATUTE {¶ 21} In her second assignment of error, appellant asserts that assuming the four-year statute of limitations applied to her loss of consortium claim regarding Jessica, the trial court erred by determining that the savings statute did not apply.
 {¶ 22} R.C. 2305.19, the savings statute, provides as follows:
 {¶ 23} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."
 {¶ 24} Thus, when a claim "fails otherwise than upon the merits," a new action may be commenced "within one year after such date." SeeOsborne v. AK Steel/Armco Steel Co. (2002), 96 Ohio St.3d 368, 371,775 N.E.2d 483.
 {¶ 25} "The savings statute applies when the original suit and the new action are substantially the same. The actions are not substantially the same, however, when the parties in the original action and those in the new action are different." Children's Hospital v. Ohio Dept. ofPublic Welfare (1982), 69 Ohio St.2d 523, 525, 433 N.E.2d 187 (citations omitted). "[T]he saving[s] statute [is] inapplicable in a case where the parties and relief sought in the new action are different from those in the original action." Id. at 525-26.
 {¶ 26} In the case at bar, the parties do not dispute that the original complaint failed otherwise than upon the merits. The parties dispute, however, whether the original action and the new action are substantially the same so as to bring appellant's loss of consortium claim regarding Jessica within the savings statute.
 {¶ 27} Whether a new action is substantially the same as an original action for purposes of the savings statute does not always depend on whether the original action set forth the same legal theories as those asserted in the new complaint. Instead, the question largely turns on whether the original complaint and the new complaint contain similar factual allegations so that it can reasonably be said that the party or parties were put on fair notice of the type of claims that could be asserted. See Bowshier v. North Hampton, Clark App. No. 2001CA3, 2002-Ohio-2273 (concluding that new complaint alleging breach of fiduciary duty was substantially the same as claims asserted in original complaint, "taxpayer action, declaratory judgment action, and civil rights claim," when the original complaint and the new complaint both asserted the same facts); Rios v. Grand Slam Grille (Feb. 18, 1999), Cuyahoga App. No. 75150 (concluding that new complaint asserting malicious prosecution and abuse of process was substantially the same as original complaint that asserted malicious prosecution when both claims arose out of the same conduct and both the new and original complaints alleged the same facts establishing the right to relief); Vercellotti v.HVC-Daly, Inc. (Dec. 5, 1997), Lucas App. No. L-97-1063, discretionary appeal not allowed, (1998), 82 Ohio St.3d 1515, 692 N.E.2d 620, andCarrier v. Weisheimer Companies, Inc. (Feb. 22, 1996), Franklin App. No. 95APE04-488 (both stating that in determining whether new complaint substantially the same as original complaint "a court must determine whether the allegations in the first action gave the defendant fair notice of the allegations in the second action"); Jones v. St. AnthonyMed. Ctr. (Feb. 20, 1996), Franklin App. No. 95APE08-1014 (concluding that new complaint and original complaint were substantially the same when the new complaint differed "only to the extent that new theories of recovery, based on the same factual occurrence, are added to the new complaint"); Andrews v. Scott Pontiac Cadillac GMC, Inc. (June 2, 1989), Sandusky App. No. S-88-32 (stating that "a new complaint is substantially the same as an original complaint * * * where the new complaint differs only to the extent that new theories of recovery, based on the same factual occurrence, are added to the complaint").
 {¶ 28} Thus, when a new complaint contains factual allegations that were not alleged in the original complaint, and further contains a new theory of relief based on the new factual allegations, the savings statute will not apply. See Vercellotti, supra (concluding that when the new complaint raised a new legal theory, a defective product claim, and further added factual allegations not raised in the original complaint to support the defective product claim, the savings statute did not apply).
 {¶ 29} In the case at bar, appellant's new complaint contains factual allegations that were not contained in the original complaint.[4]
Appellant's new complaint alleges that she suffered loss of consortium due to Jessica's injuries. The original complaint contained no factual or legal allegations regarding Jessica's injuries. Moreover, Jessica was not a party to the original complaint. Thus, because the new complaint alleges facts (i.e., facts regarding Jessica's injuries) that the original complaint did not allege, the savings statute does not apply. Because the savings statute does not apply, appellant's claim for loss of consortium regarding Jessica is time-barred. Therefore, appellant is not "legally entitled to recover" UM benefits under appellee's policy, and the trial court did not err by granting summary judgment in appellee's favor.
 {¶ 30} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only with Opinion.
Evans, J.: Concurs in Judgment Opinion.
[1] No other defendants are involved in the instant appeal.
[2] No other plaintiffs have appealed the trial court's judgment.
[3] We note that the record on appeal does not contain a copy of the original complaint. Because the parties agree to the content of the original complaint, we will nonetheless consider it.
[4] Because the record does not contain a copy of the original complaint, we rely on the parties' apparent agreement that nothing in the original complaint contained any allegations regarding Jessica.