OPINION
{¶ 1} Samuel Parker, individually and as the guardian of Chad Parker, and Jill Parker appeal from a judgment of the Miami County Court of Common Pleas, which granted summary judgment in favor of Buckeye Union Insurance Company ("Buckeye") and United States Fidelity Guaranty Company ("USFG").
 {¶ 2} The Parkers allege the following facts. On February 27, 1989, Chad Parker was seriously injured in an automobile accident caused by Julie Garland. Ms. Garland died as a result of the crash. She owned no property, and no probate estate was opened for her. She was furthermore uninsured. Chad lived with his parents at the time of the accident, and due to the injuries he sustained in the accident, his father has become his guardian. The Parkers were insured by Allstate Insurance Company ("Allstate") under a policy that included uninsured motorist coverage. Pursuant to that policy, Allstate paid $100,000 to Chad.
 {¶ 3} At the time of the accident, Chad was employed by Little Printing Company, which was insured pursuant to a policy issued by Buckeye. That policy provided uninsured motorist coverage with a limit of $1 million. Pursuant to the policy, Buckeye "will pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle' because of `bodily injury' caused by an `accident'" where "the limits of any applicable liability * * * policies have been exhausted * * *." An "insured" under the Buckeye policy is defined as follows:
 {¶ 4} "B. WHO IS AN INSURED
 {¶ 5} "1. You.
 {¶ 6} "2. If you are an individual, any `family member.'
 {¶ 7} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' * * *.
 {¶ 8} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 9} "You" is defined as the named insured, in this case the corporation, Little Printing Company.
 {¶ 10} The policy also contained the following relevant clauses:
 {¶ 11} "2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS
 {¶ 12} "a. In the event of `accident,' claim, `suit' or `loss,' you must give us or our authorized representative prompt notice of the `accident' or `loss.'
 {¶ 13} "* * *
 {¶ 14} "5. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US
 {¶ 15} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after `accident' or `loss' to impair them."
 {¶ 16} Chad's father, Samuel Parker, was employed by Reynolds and Reynolds, which was insured under a business auto policy issued by USFG. That policy also provided uninsured motorist coverage with a limit of $1 million.
 {¶ 17} On November 7, 2001, the Parkers filed a complaint seeking uninsured motorist coverage under the Buckeye and USFG policies. Buckeye filed a motion for summary judgment on July 22, 2002. On August 6, 2002, the Parkers filed a combined motion for summary judgment against Buckeye and memorandum in opposition to the Buckeye motion for summary judgment. USFG filed a motion for summary judgment on August 7, 2002. On August 22, 2002, the Parkers filed a combined motion for summary judgment against USFG and memorandum in opposition to USFG's motion for summary judgment. All parties filed appropriate responsive and reply memoranda. On September 13, 2002, the trial court granted Buckeye's and USFG's motions for summary judgment and denied the Parkers' motions for summary judgment.
 {¶ 18} The Parkers appeal, raising four assignments of error, which we will consider in the order that best facilitates our discussion.
 {¶ 19} "I. The trial court erred in granting Buckeye Union Insurance Company's motion for summary judgment, finding that plaintiffs' failure to sue the tortfeasor within the applicable two-year statute of limitations constituted a breach of the policy's `transfer of rights of recovery against others to us' provision.
 {¶ 20} "III. The trial court erred in granting Buckeye Union's motion for summary judgment, finding that no coverage was available under the Buckeye Union policy due to a breach of the policy's notice provision."
 {¶ 21} We will begin our discussion with the assignments of error relating to Buckeye.
 {¶ 22} The Parkers argue that Chad is entitled to uninsured motorist coverage under the Buckeye policy pursuant to Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 1116, and its progeny. Although Buckeye concedes that Chad would be an insured under the policy pursuant to Scott-Pontzer, it argues that he is not entitled to coverage under the policy because he is not "legally entitled to recover" from the tortfeasor due to his breach of the "Transfer of Rights of Recovery Against Others to Us" provision of the policy ("the subrogation clause") and his failure to provide prompt notice as required by the policy. The trial court granted summary judgment in favor of Buckeye on the authority of our opinions inCincinnati Ins. Co. v. McClain, Greene App. No. 2001-CA-96,2002-Ohio-1190, and Luckenbill v. Midwestern Indemn. Co. (2001),143 Ohio App.3d 501, 758 N.E.2d 301. The court provided no reasoning, and we can only assume based upon the subject matter of McClain andLuckenbill that the court granted summary judgment due to the breach of the notice provisions.
 {¶ 23} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v.State Emp. Relations Bd., 78 Ohio St.3d 181, 183, 1997-Ohio-221,677 N.E.2d 343; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 24} We will first address Buckeye's argument that the Parkers are not entitled to uninsured motorist coverage under the policy because they are not "legally entitled to recover" from Garland. Buckeye argues that, because the Parkers did not file suit against Garland within the applicable statute of limitations for personal injury actions, their suit is barred and they are therefore not legally entitled to recover from the tortfeasor.
 {¶ 25} At the time of Chad's accident, R.C. 3937.18 provided:
 {¶ 26} "No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:
 {¶ 27} "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.
 {¶ 28} "(2) Underinsured motorist coverage * * *."
 {¶ 29} Accordingly, the Buckeye policy provided that Buckeye would "pay all sums the `insured' is legally entitled to recover as compensatory damages from the owner or driver of an `uninsured motor vehicle' because of `bodily injury' caused by an `accident'" where "the limits of any applicable liability * * * policies have been exhausted * * *." (Emphasis added.)
 {¶ 30} The supreme court has held that "legally entitled to recover" means that the insured must be able to prove the elements of his claim. Kurent v. Farmers Ins. of Columbus, Inc. (1991), 62 Ohio St.3d 242,245, 581 N.E.2d 533. However, courts have reached different opinions regarding whether failure to sue the tortfeasor within the applicable statute of limitations for personal injury actions renders the insured no longer "legally entitled to recover" from the tortfeasor.
 {¶ 31} Several appellate courts have concluded that an insured is not legally entitled to recover where he or she fails to bring an action against the tortfeasor within the applicable statute of limitations. SeeLaibson v. CNA Ins. Co. (May 14, 1999), Hamilton App. No. C-980736; Reichv. Wayne Mut. Ins. Co. (Oct. 28, 1998), Wayne App. No. 97CA0071;Bielefeld v. State Farm Mut. Ins. Co. (Nov. 3, 1994), Cuyahoga App. No. 67093; Hutchison v. Midwestern Indemn. Co. (Mar. 2, 1989), Ross App. No. 1496. See, also, Stover v. State Farm Mut. Ins. Co. (1998),127 Ohio App.3d 590, 594, 713 N.E.2d 505. These courts treat the statute of limitations as an element of the underlying claim.
 {¶ 32} However, when this court considered the issue in 1994, we concluded that the insured was not barred from recovering due to a failure to timely file an action against the tortfeasor. See Ohio FarmersIns. Co. v. Binegar (Jan 7, 1994), Montgomery App. No. 13906, reversed on other grounds 70 Ohio St.3d 562, 1994-Ohio-34, 639 N.E.2d 1169. InBinegar, we reasoned:
 {¶ 33} "The policy requirement that an insured must be `legally entitled to recover damages' is reasonably susceptible of at least two interpretations: (1) that the insured's legal entitlement to recover damages against the tortfeasor is a condition of the accrual of a claim under the policy; or (2) the insured's legal entitlement to recover damages against the tortfeasor is a condition of the assertion of a claim under the policy. Under the former interpretation, Binegar was legally entitled to recover damages against the tortfeasor upon the decedent's death, so that at that point a claim accrued under the policy. Under the latter interpretation, Binegar could have asserted a claim under the policy immediately following the decedent's death, but lost the ability to assert a claim once it became too late to file a wrongful death action against the tortfeasor.
 {¶ 34} "Both interpretations are plausible. The first is more consistent with the basic concept of underinsured motorist coverage as a means of insuring the collectibility of liability against a tortfeasor in a motor vehicle accident. The second would be a way of providing the insurer with notice of a claim while there is still a possibility of recovering damages from the tortfeasor. However, the provision is not worded in language suggestive of a purpose of assuring notice.
 {¶ 35} "Where terms of an insurance contract are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. Kingv. Nationwide Insurance Co. (1988), 38 Ohio St.3d 208." Id.
 {¶ 36} We cited this reasoning again in Gibson v. State Farm Mut.Auto. Ins. Co. (1997), 123 Ohio App.3d 216, 228, 704 N.E.2d 1. In February 2003, the Tenth District Court of Appeals applied our reasoning in Binegar to conclude that an insured is not barred from asserting an uninsured motorist claim by her failure to bring an action against the tortfeasor within the applicable statute of limitations. See Buckley v.Wintering, Franklin App. No. 02AP-511, 2003-Ohio-824. The Buckley court further reasoned that: "the policy contains other provisions — the notice and subrogation provisions — that are more expressly designed to ensure that the insurer has notice of a cause of action. We also note that affirmative defenses, such as the statute of limitations, are not relevant to the analysis of whether an insured is `legally entitled to recover' pursuant to Kurent, which merely focuses on the elements of the cause of action." Id. at ¶ 30.
 {¶ 37} Like the Tenth District, we continue to believe that the reasoning of Binegar is sound and hold that the Parkers' failure to sue Garland within the statute of limitations does not render them no longer "legally entitled to recover" under the policy. Whether the Parkers are otherwise "legally entitled to recover" from Garland is an issue for the trial court.
 {¶ 38} We turn now to Buckeye's notice and subrogation arguments. The Buckeye policy requires that an insured provide Buckeye with "prompt notice" of an accident. Chad's accident occurred in 1989, and notice was not provided to Buckeye until February of 2001. "Prompt notice" has been defined as notice within a reasonable time under the circumstances. SeeRuby v. Midwestern Indemn. Co. (1988), 40 Ohio St.3d 159, 532 N.E.2d 730, syllabus. Buckeye argues that the Parkers' notice, given twelve years after the accident, was unreasonable as a matter of law. Buckeye further argues that it was prejudiced by the late notice in that it was precluded from investigating the accident. The Parkers argue that they were unaware of their claim under the Buckeye policy until Scott-Pontzer was decided in 1999 and that they notified Buckeye of their claim within a reasonable time following that decision. In other words, they argue that the notice was not unreasonable under the circumstances. The Parkers further argue that Buckeye was not prejudiced by the late notice because Garland, who died as a result of the accident, was judgment proof and uninsured.
 {¶ 39} With regard to the subrogation clause, Buckeye argues that the Parkers' failure to file a claim against Garland within the applicable statute of limitations destroyed Buckeye's subrogation rights. It argues that this failure constituted a material breach of the policy provision requiring that the insured "must do everything necessary to secure [Buckeye's] rights and must do nothing after `accident' or `loss' to impair them." The Parkers argue that Buckeye was not prejudiced by the breach for the same reasons stated above — Garland was judgment proof and uninsured.
 {¶ 40} The supreme court has recently addressed both these issues in Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217, 781 N.E.2d 927. Regarding breach of the notice requirement, the court held that "when an insurer's denial of UIM coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary." Id. at ¶ 81. Regarding breach of a subrogation clause, the court held that "when an insurer's denial of UIM coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary." Id. at ¶ 88.
 {¶ 41} Accordingly, the court set forth a two-step inquiry to be conducted in evaluating whether a prompt-notice or subrogation-related provision was breached and, if so, whether the insurance company was prejudiced:
 {¶ 42} "The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.' Ruby, syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer didnot receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut.
 {¶ 43} "In cases involving the alleged breach of a consent-to-settle or other subrogation-related clause, the first step is to determine whether the provision actually was breached. If it was not, the inquiry is at an end, and UIM coverage must be provided. * * * If the consent-to-settle or other subrogation-related clause was breached, the second step is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." Id. at ¶ 90-91.
 {¶ 44} The trial court did not conduct a two-part inquiry as required by Ferrando. Therefore, we must remand this matter to the trial court for consideration of the notice and subrogation clause arguments pursuant to the guidelines articulated in Ferrando.
 {¶ 45} The first and third assignments of error are sustained.
 {¶ 46} "II. The trial court erred in granting United States Fidelity and Guaranty Insurance Company's motion for summary judgment, finding that plaintiffs' failure to sue the tortfeasor within the applicable two-year statute of limitations constituted a breach of the policy's `proof of claim' provision.
 {¶ 47} "IV. The trial court erred in granting United States Fidelity and Guaranty's motion for summary judgment, finding that no coverage was available under the USFG policy to a breach of the policy's notice provision."
 {¶ 48} These two assignments of error relate to USFG. The Parkers and USFG have reached a settlement, and USFG has been dismissed from this appeal. Accordingly, the Parkers' second and fourth assignments of error are overruled as moot.
 {¶ 49} The judgment of the trial court with respect to Buckeye will be reversed, and the matter will be remanded to the trial court for further proceedings consistent with this opinion.
BROGAN, J. and GRADY, J., concur.