DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment in favor of Fred and Vicki Nungester. The court determined that appellees are entitled to uninsured/underinsured motorists (UM/UIM) coverage under Transcontinental Insurance Company's, defendant below and appellant herein, business automobile liability policy.
 {¶ 2} Appellant raises the following assignment of error:
 {¶ 3} "The trial court incorrectly denied transcontinental's cross-motion for summary judgment and granted its motion for partial summary judgment."[1]
 {¶ 4} On July 26, 2001, Fred Nungester suffered physical injuries in a car crash that Everett Henness caused. At the time of the crash, Fred was an employee of Rocal, Inc., and was acting in the course and scope of his employment. Henness carried automobile liability insurance with Nationwide Insurance Company with a liability limit of $100,000. Appellees settled with Nationwide.
 {¶ 5} Rocal, Fred's employer, carried a business automobile liability policy that Transcontinental issued. It provided $1 million in liability coverage.
 {¶ 6} Appellees subsequently filed a complaint against appellant seeking a declaration that they are entitled to insurance coverage. On May 14, 2003, appellees filed a partial summary judgment motion. They argued that no genuine issues of material fact remained as to whether Fred was an insured, i.e., an employee acting in course and scope of employment, and as to whether Rocal's purported reduction of uninsured/underinsured limits was valid. Appellees argued that Rocal's reduction of coverage was invalid because it failed to indicate the premium for UM/UIM coverage and that without such information, a knowing offer did not occur. Appellees then argued that without a knowing offer, a valid rejection could not have occurred and that without a proper offer and rejection of UM/UIM coverage, such coverage is implied as a matter of law in the same amount as the liability limit, $1 million.
 {¶ 7} On July 3, 2003, appellant filed a combined cross-motion for partial summary judgment and memorandum contra appellees' motion. Appellant essentially conceded that both appellees are insureds under its policy, but argued that Rocal validly reduced UM/UIM coverage to $25,000. Appellant admitted that its Ohio UM/UIM selection form did not indicate the premium for such coverage, but asserted that other parts of the policy set forth the premium and that Rocal's agent knew what the premium would be. To support its argument, appellant referred to the affidavit of Norris R. Carpenter, the controller at Rocal directly involved in contracting and negotiating the insurance contract. Carpenter stated that before selecting coverages, he was informed of: (1) "The availability of UM/UIM coverage in Ohio, with limits matching the policy's liability limits of $1 million"; (2) "A thorough description of UM/UIM coverage in Ohio, the purpose of such coverage, the fact that Transcontinental was required to offer UM/UIM coverage in Ohio with liability limits of $1 million"; and (3) "The cost of insurance, including the premium cost for UM/UIM insurance at the reduced level of coverage of $25,000 which Rocal, Inc. ultimately selected." He further asserted that he was provided a written "document entitled Insurance Summary for Rocal, Inc., a copy of which is attached to this Affidavit, which set for[th] the premium costs for various levels of UM/UIM coverage, up to the policy liability limits of $1 million."
 {¶ 8} On September 13, 2003, the trial court granted appellees' partial summary judgment motion and denied appellant's motion. The court found that Fred is an insured under appellant's policy and that the UM/UIM limit is $1 million. The court reserved the issue of damages for later determination. Subsequently, the court entered a nunc pro tunc entry that added Civ.R. 54(B) language.
 {¶ 9} Before we may consider the merits of the appeal, we first must address a jurisdictional issue. If the trial court's judgment does not constitute a final appealable order, then we, as an appellate court, do not have jurisdiction over this appeal.
 {¶ 10} Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one that affects a substantial right and, in effect, determines the action. R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
 {¶ 11} "A summary judgment order ruling that a plaintiff seeking a declaration of uninsured/underinsured motorist ("UM/UIM") coverage was entitled to such coverage affects a substantial right of the insurer, and thus meets the statutory requirements for final appealable orders in declaratory judgment actions and other special proceedings." Bautista v. Kolis
(2001), 142 Ohio App.3d 169, 173, 754 N.E.2d 820; see, also,Stover v. State Farm Ins. Co. (1998), 127 Ohio App.3d 590, 593,713 N.E.2d 505, 507. However, when a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order. See, e.g., Haberley v. NationwideMut. Fire Ins. Co. (2001), 142 Ohio App.3d 312, 755 N.E.2d 455;Caplinger v. Raines, Ross App. No. 02-CA-2683, 2003-Ohio-2586;Hall v. Strzelecki (June 25, 2001), Cuyahoga App. No. 78653.
 {¶ 12} In the case at bar, the trial court's decision leaves Vicki's UM/UIM claim for her loss of consortium unresolved. The court did not explicitly determine whether she is an insured under appellant's policy. Her claim is inextricably intertwined with her husband's claim and, thus, not appealable despite Civ.R. 54(B) certification. See, e.g., Internatl. Managed CareStrategies v. Franciscan Health Partnership, Hamilton App. No. C-010634, 2002-Ohio-4801; Fisher v. Fisher, Franklin App. No. 01AP-1041, 2002-Ohio-3086.
 {¶ 13} While the parties have attempted to stipulate that Vicki is indeed an insured, their stipulation does not convert the trial court's judgment into a final order. The trial court's judgment leaves Vicki's claim unresolved.
 {¶ 14} Accordingly, based upon the foregoing reasons we hereby dismiss this appeal.
Appeal dismissed.
[1] Although the assignment of error appears to argue that the court incorrectly granted appellant's partial summary judgment motion, after reading appellant's brief we believe the assignment of error intended to state that the court erroneously granted appellees' partial summary judgment motion.