{¶ 14} I respectfully dissent. The majority finds that we do not have jurisdiction to review this December 12, 2006, judgment because the August 28, 2006, judgment, which contained Civ.R. 54(B) language, was the final, appealable judgment and National Union failed to appeal that judgment within thirty days. Because, in my view, the August 28 judgment was not a final, appealable order, I disagree.
 {¶ 15} On December 27, 2006, National Union filed an appeal from the trial court's December 12, 2006, entry. National Union's sixth assignment of error raises the final, appealable order issue. It states that "THE TRIAL COURT ERRED IN CERTIFYING ITS DECISION WITH RESPECT TO PLAINTIFFS['] MOTION FOR PARTIAL SUMMARY JUDGMENT AS FINAL APPEALABLE ORDERS."
 {¶ 16} The majority relies on the Supreme Court of Ohio's decision inGeneral Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, in support of its decision that the August 28, 2006, judgment entry was a final, appealable order. In that case, the court held that "[a] declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." Id. at paragraph two of syllabus. The majority concludes that the determination of coverage affects a substantial right.
 {¶ 17} In my view, the General Acc. case is distinguishable from this case. Here, the Walburns' complaint does not specifically seek relief pursuant to the declaratory judgment statute. Instead, the Walburns' complaint seeks UM/UIM coverage, i.e., damages, in a common-law action on a contract. Although the determination of coverage is necessary in determining whether the Walburns are *Page 7 
entitled to recovery from National Union, the Walburns' complaint goes beyond that by seeking the insurance proceeds.
 {¶ 18} Further, in General Acc., the court held that "the duty todefend involves a substantial right to both the insured and the insurer." (Emphasis added.) Id. at 22. The court did not find that the determination of whether coverage exists, absent any determination of actual damages, affects a substantial right to both the insured and the insurer. To the contrary, the Tenth Appellate District holds that it does not. See Tinker v. Oldaker, Franklin App. No. 03-AP-671, 03AP-1036,2004-Ohio-3316, ¶ 14 (finding that even if the court were to assume that the summary judgment decision was rendered in a special proceeding, the failure to determine damages when requested in a coverage action "does not `affect' a substantial right[,]" and thus, is not a final appealable order); see, also, Nungester v. Transcontinental Ins. Co., Ross App. Nos. 03CA2744, 03CA2749, 2004-Ohio-3857, ¶ 15 (Harsha, J., concurring) (stating where a complaint seeks a declaratory judgment on the issue of coverage as well as damages, an order granting summary judgment on the declaratory judgment aspect of the complaint without awarding damages is not a "final appealable order despite the Civ.R. 54(B) language"). In fact, this court has continuously held that "[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." Shelton v. Eagles Foe Aerie2232 (Feb. 15, 2000), Adams App. No. 99CA678, citing Horner v. ToledoHospital (1993), 94 Ohio App.3d 282.
 {¶ 19} Therefore, where damages are sought under a UM/UIM policy, a trial court's grant of summary judgment in favor of the insured and against the insurer on the *Page 8 
issue of coverage, but without any determination of damages, "is not a final appealable order and we lack jurisdiction[.]" Id.
 {¶ 20} Consequently, I would find that the August 28 judgment is not a final, appealable order despite the Civ.R. 54(B) language. With this finding, I would then proceed with the analysis and determine if the December 12 judgment is a final, appealable order.
 {¶ 21} Accordingly, I dissent. *Page 9 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment and Opinion. Kline, J.: Dissents with Attached Dissenting Opinion. *Page 1