INDIANA INSURANCE COMPANY, Appellee,

v.

CARNEGIE CONSTRUCTION COMPANY, Appellant.

[Cite as *Indiana Ins. Co. v. Carnegie Constr., Co.* (1993), 91 Ohio App.3d 286.]

Court of Appeals of Ohio,
Champaign County.

No. 93–CA–12.

Decided Oct. 27, 1993.

*Stephan D. Madden,* for appellee.

*Stephen V. Freeze* and *Lisa A. Hesse,* for appellant.

BROGAN, Judge.

This matter is before the court on an appeal filed by appellant, Carnegie Construction Company ("Carnegie"), seeking reversal of the judgment of the Champaign County Court of Common Pleas in favor of appellee, Indiana Insurance Company ("Indiana"). Appellee asserts in its brief that this court should dismiss the appeal for lack of a final appealable order. In the face of the Ohio Supreme Court's recent opinion in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, we must agree with appellee that the order appealed from in this case is not a final order.

The underlying facts and procedural history of the case are as follows. On May 7, 1987, general contractor Carnegie and the West Liberty–Salem Local School District Board of Education ("board") entered into a construction contract for the construction of the West Liberty–Salem Elementary Junior–Senior High School.

The May 7, 1987 construction contract called for the general contractor to maintain liability insurance in accordance with Article 18(j) of the Instructions to Bidders and General Conditions/Supplementary Conditions. The General Conditions were made a part of the construction contract. Article 18(j) of the General Conditions which is entitled "Builder's Risk" specifically provides:

"[Board of Education] shall maintain insurance to protect the State of Ohio, the contractor and [Board of Education] from loss incurred by theft, lightning,

extended coverage, vandalism and malicious mischief in the full amount of the contract and shall cover all labor and materials connected with the work including materials delivered to the site but not yet installed in the building.

"Prior to commencement of any work under this contract the [Board of Education] shall furnish the Contractor and the Superintendent of Public Instruction a copy of the certificate of insurance as evidencing coverage."

On the evening of December 15, 1987, strong winds caused damage to masonry walls at the insured construction site of the elementary school. The board made a claim under the Indiana "Builder's Risk" policy for a windstorm damage loss. On March 17, 1988, Indiana paid to the board $279,668.36 for the windstorm loss pursuant to the Builder's Risk policy.

On December 4, 1989, Indiana filed a subrogation action against Carnegie seeking to recover the funds paid to the board pursuant to the Builder's Risk policy. Moreover, in the same complaint Indiana raised claims of negligence and breach of contract against Carnegie.

In its answer, Carnegie claimed to be an insured of Indiana by virtue of the Builder's Risk policy and raised other insurance coverage issues. The common pleas court bifurcated trial of the coverage issues from the negligence and contract claims.

Both parties submitted motions for summary judgment which were overruled on June 14, 1991. Trial to the court was held on June 14, 1991, solely on the coverage issues.

On March 10, 1993, the trial court determined "that for the purposes of this lawsuit [Indiana] is not an insurer of [Carnegie] and [Indiana] may maintain a claim of negligence against [Carnegie]." The trial court also determined that "[t]he insurance contract relationship between [Indiana] and [the board] does not prevent [Indiana] from recovering from [Carnegie] any payments made by [Indiana] to the school."

Carnegie filed its notice of appeal on April 11, 1993. The critical issue presented by Carnegie's appeal is whether Indiana has any right of subrogation against Carnegie for recovery of damages which were paid to the board pursuant to the Builder's Risk policy. The determination of this issue would require this court to inquire into whether the trial court erred in finding that Carnegie was not an insured of Indiana under the Builder's Risk policy.

In its response to Carnegie's appeal, Indiana argues that appellate review of the trial court's finding is premature. Indiana contends that the trial court's judgment does not meet the requirements of Civ.R. 54(B) and R.C. 2502.02 and, thus, does not constitute a final appealable order.

■ Carnegie contends that immediate appellate review is in order. A party may seek immediate review of a trial court's order in a special proceeding under R.C. 2505.02 when a two-prong test is satisfied. *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877. A party must show (1) that a substantial right has been affected, and (2) that the trial court's order was made during a special proceeding. *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 15 OBR 136, 472 N.E.2d 695. Carnegie argues that both prongs of the two-prong test have been satisfied in this case.

First, Carnegie argues, *inter alia*, that a substantial right has been affected by the trial court's decision that Indiana is not an insurer of Carnegie in that Carnegie must now proceed to defend an action for subrogation and negligence where it contracted with the named insured of Indiana (the board) for coverage to avoid just this kind of expense.

■ Second, Carnegie relies on the balancing test set forth in *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, as support for its argument that the trial court's decision was rendered in a special proceeding. Carnegie, however, submitted its brief several weeks before the Ohio Supreme Court released its decision in *Polikoff, supra*, which explicitly overruled *Amato* and seriously circumscribed the type of actions that may be considered "special proceedings" under R.C. 2505.02.

In *Polikoff*, the Ohio Supreme Court held: "[O]rders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. *Amato* is therefore overruled." *Polikoff*, 67 Ohio St.3d at 107, 616 N.E.2d at 218.

*Polikoff* seems to explicitly hold that unless the action from which the order proceeds was specially created by statute, the order was not entered in a special proceeding. This holding would render the trial court's order in the instant case interlocutory since the proceeding from whence it sprang was not in form one created by statute, but merely a bifurcated proceeding to determine insurance coverage issues in a garden variety common-law subrogation/negligence/contract action.

Carnegie argues that the trial court's determination of the insurance coverage issues in the bifurcated proceeding was in substance nearly identical to a declaratory judgment action. The Ohio Supreme Court has held that a declaratory judgment action is a special proceeding under R.C. 2505.02. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266.

In *Polikoff*, the Supreme Court stated: "This is not a case wherein the aggrieved party filed a special proceeding seeking a remedy that was conferred

upon that party by an Ohio statute *nor is it a proceeding that represents what is essentially an independent judicial inquiry.*" (Emphasis added.) *Id.*, 67 Ohio St.3d at 107, 616 N.E.2d at 218. Arguably, since the issue of insurance coverage was bifurcated from the common-law claims in this case, and since the proceeding was similar to a declaratory judgment action, the consideration of those issues by the trial court should have represented an independent judicial inquiry sufficient to rise to the level of a special proceeding. The problem is that the above-highlighted language is irreconcilable with the holding in *Polikoff.*

Clearly, a proceeding can be an "independent judicial inquiry" and not necessarily be "specially created by statute." We have that very situation in this case. Here, the proceeding was in every way but name a declaratory judgment. It was an independent judicial inquiry into the insurance coverage issues completely divorced from the common-law claims. Had Carnegie filed a motion for a declaratory judgment to determine if it was an insured of Indiana under the Builder's Risk policy there would be no question that the proceeding was a "special proceeding."

*Polikoff* holds in no uncertain terms that orders entered in actions not specially created by statute are not orders entered in a special proceeding. *Id.* at syllabus. *Polikoff* does *not* hold that orders entered in actions *similar to* those specially created by statute are also orders entered in special proceedings. Thus, while we believe that the proceeding at bar was in substance an independent judicial inquiry of insurance coverage issues in the nature of a declaratory judgment action, it was not in form an action specially created by statute and thus not a special proceeding pursuant to the explicit holding of *Polikoff.*

The unfortunate result of this conclusion is that the parties to this action will be forced to proceed with months of expensive litigation in the courts of this state. The stated interests of the *Polikoff* court in overruling *Amato* were "justice, clarity, and judicial economy." *Id.*, 67 Ohio St.3d at 107, 616 N.E.2d at 217. Yet, in the present case, such interests are clearly not served. Instead, this court is forced to elevate form over substance in holding that the order herein is not a final appealable order merely because the proceeding in which it was issued was not titled a declaratory judgment action.

Accordingly, the trial court's order determining that Carnegie was not an insured of Indiana was interlocutory since it was not entered in a special proceeding and thus could not be made the foundation of an independent appeal.

We conclude that Carnegie has taken an appeal from an order that is not a final appealable order. Accordingly, the cause is ordered dismissed.

*Appeal dismissed.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.