BAUTISTA et al., Appellees,

v.

KOLIS; State Farm Mutual Automobile Insurance Company, Appellant.

[Cite as *Bautista v. Kolis* (2001), 142 Ohio App.3d 169.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

Nos. 99 C.A. 99 and 99 C.A. 218.

Decided April 26, 2001.

*Richard R. Morelli,* for appellees.

*Adam E. Carr,* for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant State Farm Mutual Automobile Insurance Company appeals a decision of the Mahoning County Common Pleas Court denying its motion for summary judgment and granting the motion for partial summary judgment filed by plaintiffs-appellees, Celso O. Bautista and Puring V. Bautista.

On June 20, 1995, Celso O. Bautista was operating a motor vehicle on State Route 165 in Beaver Township, Mahoning County, Ohio. Another vehicle operated by defendant Helen L. Kolis collided with Bautista's vehicle, causing physical injury and other damages.

At the time of the accident, Kolis was an Ohio resident. She carried an automobile insurance policy with Motorists Mutual Insurance Company ("Motorists"), issued in Ohio, with a liability limit of $50,000 per person/$100,000 per accident.

Mr. Bautista, a Virginia resident, carried an automobile insurance policy issued by defendant-appellant, State Farm Mutual Automobile Insurance Company ("State Farm"). The policy was issued in Virginia and covered four vehicles. The policy had an UM/UIM coverage limit of $50,000 per person/$100,000 per accident.

On June 4, 1997, the Bautistas, along with other passengers injured in the accident, filed a lawsuit against Kolis and State Farm. All plaintiffs, including the Bautistas, have settled their claims against Kolis with her insurer, Motorists.

Particularly relevant to this appeal is the fact that Motorists settled with the Bautistas for $50,000.

On October 29, 1998, State Farm filed a motion for summary judgment on the Bautistas' claims against it for UM/UIM coverage. State Farm argued that Ohio law did not permit the stacking of UM/UIM coverage. State Farm argued that since its policy limit was $50,000 per person, Motorists' policy limit was $50,000 per person, Motorists paid the Bautistas $50,000, the Bautistas were not left uninsured/underinsured.

That same day, the Bautistas filed a partial summary judgment motion. The Bautistas argued that their policy with State Farm was governed by Virginia law, which permits the stacking of UM/UIM coverage. The Bautistas argued that since their policy with State Farm covered four vehicles, the policy provided for a total of $200,000 in UM/UIM coverage. Since they already had been paid $50,000, they argued they were entitled to UM/UIM coverage to the extent of $150,000.

On March 19, 1999, the trial court issued a judgment entry sustaining the Bautistas' partial summary judgment motion and overruling State Farm's motion. The court held that Virginia law applied and that State Farm was liable for the aggregate amount of UM/UIM coverage. On July 6, 1999, the court filed an additional judgment entry clarifying the March 19, 1999 entry. The court explained that under Virginia law, the Bautistas were entitled to $150,000 in coverage for their injuries, if any, sustained by Celso O. Bautista. The court noted that it reached this amount by subtracting $50,000 from the combined total of $200,000 of UM/UIM coverage, since Virginia law provides for a setoff of the amount the Bautistas received from Kolis's insurer. The court also stated that other issues, not determined, including damages, remain open, to be determined later. This appeal followed.

Initially, we must determine whether this court has jurisdiction to consider this appeal. Section 3(B)(2), Article IV of the Ohio Constitution governs the limited subject matter jurisdiction of Ohio appellate courts specifically providing:

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."

An order of an inferior court is a final, appealable order only if the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, are met. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. *Davison v. Rini* (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278, 280–281. Moreover, in the event that this

jurisdictional issue is not raised by the parties involved with the appeal, then this court is required to raise it on its own motion. *Id.*

R.C. 2505.02 sets forth five categories of final orders:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

"(5) An order that determines that an action may or may not be maintained as a class action."

In this case, it is clear that the trial court's order is not an order that vacates or sets aside a judgment or grants a new trial. It is also equally clear that it is not an order that determines that an action may or may not be maintained as a class action. Therefore, R.C. 2505.02(B)(1) and (5) are inapplicable.

The trial court's order is not an order concerning a provisional remedy. " 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). In *Bishop v. Dresser Industries, Inc.* (1999), 134 Ohio App.3d 321, 324, 730 N.E.2d 1079,, 1081, the court held:

"[C]onsideration of a summary judgment motion is not an ancillary proceeding. Summary judgment can be fully determinative of the issues before the court, and by its very terms, the trial court can grant final judgment on any or all pending claims. Therefore, the consideration of an issue by means of a summary judgment proceeding cannot be ancillary to the action."

Considering the same question, this court, in *Tribett v. Mestek, Inc.* (Mar. 18, 1999), Jefferson App. No. 99JE1, unreported, 1999 WL 159216, at *4, held:

"It is not provisional. It is the remedy.

"A grant of summary judgment is fully determinative of the underlying litigation. It could very well resolve all claims between the litigants or several of the litigants involved. Its very term grants judgment on pending claims. It is not an ancillary proceeding addressing a specific or limited issue involved and does not meet the definitional criteria of a 'provisional remedy.'" (Footnote omitted.)

Therefore, R.C. 2505.02(B)(3) is not applicable.

■ The trial court's order is not an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. " 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, syllabus.

■ A summary judgment order ruling that a plaintiff seeking a declaration of uninsured/underinsured motorist ("UM/UIM") coverage was entitled to such coverage affects a substantial right of the insurer, and thus meets the statutory requirements for final appealable orders in declaratory judgment actions and other special proceedings. *Stover v. State Farm Ins. Co.* (1998), 127 Ohio App.3d 590, 593, 713 N.E.2d 505, 507. We acknowledge that the order at issue in this case closely parallels such an order. However, "[i]t is only the underlying action that is to be examined to determine whether an order was entered in a special proceeding, and not the order itself which was entered within that action." *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 123, 676 N.E.2d 890, 894.

Here, there are no underlying actions for declaratory judgment. The underlying actions are ordinary civil actions in tort for personal injury as recognized at common law and, consequently, cannot be considered a "special proceeding." This case is analogous to *Indiana Ins. Co. v. Carnegie Constr. Co.* (1993), 91 Ohio App.3d 286, 632 N.E.2d 579. In that case, the trial court conducted a bifurcated proceeding to determine insurance coverage issues in a common-law action by an insurer for subrogation, negligence, and breach of contract against a contractor that claimed to be insured under their policy. The Second District Court of Appeals held that the proceeding was not a "special proceeding" such that the contractor could seek immediate appellate review of the trial court's order determining that the contractor was not insured, notwithstanding the contractor's attempt to characterize the proceeding as essentially a declaratory judgment

action, which would be a special proceeding. *Id.* The court noted that while the proceeding was in substance an independent judicial inquiry of insurance coverage issues in the nature of a declaratory action, in form it was not an action specially created by statute. *Id.* Therefore, the order before us cannot be said to be an order affecting a substantial right made in a "special proceeding" as defined in R.C. 2505.02.

Last, the trial court's order is not an order that affects a substantial right in an action that in effect determines the action and prevents a judgment. " 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

In *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 684 N.E.2d 72, the Ohio Supreme Court acknowledged the general rule that "orders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they *do not determine the action or prevent a judgment.*" (Emphasis added.) Also, various courts of appeal have held that summary judgment orders entered on the issue of liability alone, leaving an award of damages for future determination, do not constitute a final appealable order as contemplated by R.C. 2505.02. See *Summit Petroleum, Inc. v. K.S.T. Oil & Gas Co.* (1990), 69 Ohio App.3d 468, 590 N.E.2d 1337; *Mayfred Co. v. Bedford Heights* (1980), 70 Ohio App.2d 1, 24 O.O.3d 5, 433 N.E.2d 620; *Cammack v. V.N. Holderman & Sons, Inc.* (1973), 37 Ohio App.2d 79, 66 O.O.2d 135, 307 N.E.2d 38; *Am. Mall, Inc. v. Lima* (1966), 8 Ohio App.2d 181, 220 N.E.2d 839.

As an aside, we note that the trial court, in both entries, expressed the intention that its order be considered final and appealable. In the March 19, 1999 entry, the trial court included the Civ.R. 54(B) language "no just reason for delay." And in the July 6, 1999 entry, the trial court unequivocally expressed its intention for the order to be final and appealable. However, a finding of "no just reason for delay," pursuant to Civ.R. 54(B), does not make appealable an otherwise nonappealable order. *Chef Italiano, supra; Tribett,* 1999 WL 159216, at *2, citing *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381.

In sum, the underlying action in this case is an ordinary civil action in tort for personal injury. As previously noted, the trial court has addressed only the issue regarding appellant's liability and left for later determination other issues, including damages. As such, the court's order is interlocutory in nature and not a final appealable order under R.C. 2505.02 because the order does not determine the action or prevent a judgment.

For the foregoing reasons, the present appeal is dismissed due to the lack of a final appealable order.  This cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion.

*Judgment accordingly.*

VUKOVICH and WAITE, JJ., concur.