OPINION
This appeal arises from a foreclosure judgment against Michael and Dorene Walling ("Appellants") in the Mahoning County Court of Common Pleas. Appellants argue that their loan from the Second National Bank of Warren ("Appellee") was not in default at the time Appellee filed its foreclosure complaint. For the following reasons, we dismiss this appeal because it does not present us with a final, appealable order.
On August 16, 1991, Appellants borrowed $60,000 from Appellee and executed a promissory note and mortgage deed on their residence at 2439 Jennifer Drive, Poland, Ohio. The loan was amortized over twenty years, with monthly payments of $560, payable on the 16th of each month starting September 16, 1991.
The majority of payments made on the loan from 1991 to 1998 were late, and Appellants were assessed late fees accordingly. (1/26/2001 Plaintiff's Trial Brief, Exh. B). Appellants did not make any payment on the loan in the months of November and December 1997, and January and February 1998.
On June 25, 1998, Appellee filed a foreclosure complaint against Appellants in the Mahoning County Court of Common Pleas. The case was submitted to the court based on the parties' trial briefs, stipulations and the record.
In a March 1, 2001, Judgment Entry, the court ruled in favor of Appellee, granting judgment in the amount of $76,090.27 plus 18% interest, and ordering the foreclosure of the mortgage and the sale of the property. Appellants filed this timely appeal on March 29, 2001.
In a Journal Entry dated May 14, 2002, this Court raised the issue as to whether this appeal presented us with a final appealable order. The courts of appeal have subject matter jurisdiction only over final appealable orders. Bautista v. Kolis, 142 Ohio App.3d 169, 171,2001-Ohio-3159, 754 N.E.2d 820. For an order to be final and appealable, it must satisfy one of the provisions of R.C. § 2505.02(B), or qualify under some other statute specifically declaring that the type of order in question is final and appealable. Id.
R.C. § 2505.02(B) states:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
It is apparent that the March 1, 2000, order does not vacate a judgment, grant a provisional remedy, or deal with a class action. Thus, R.C. § 2505.02(B)(3)-(5) do not apply.
For R.C. § 2505.02(B)(2) to apply, the order under review must be made in a special proceeding. R.C. § 2505.02(A)(2) defines "special proceeding" as: "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Foreclosure actions were in existence prior to 1853. Therefore, they are not special proceedings in the context of final, appealable orders. See, e.g., Higgins v. West (1832), 5 Ohio 554. For this reason, R.C. § 2505.02(B)(2) does not apply.
For R.C. § 2505.02(B)(1) to apply to the March 1, 2001, order, it must affect a substantial right, determine the action, and prevent further judgment. Typically, a judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final, appealable order. Third Natl. Bank of Circleville v. Speakman
(1985), 18 Ohio St.3d 119, 120, 18 OBR 150, 480 N.E.2d 411; Oberlin Sav.Bank Co. v. Fairchild (1963), 175 Ohio St. 311, 312-313, 2 O.O.2d 181,194 N.E.2d 580. A number of appellate courts, though, have determined that a judgment entry ordering a foreclosure sale is not final and appealable unless it resolves all of the issues involved in the foreclosure, including the following: whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due the various claimants. State ex rel. Montgomery v. Ohio Cast Products, Inc. (June 26, 2000), 5th Dist. No. 1999CA00394; BCGS, L.L.C. v. Susan M.Raab, et al. (July 17, 1998), 11th Dist. No. 98-L-041; Gaul v. Leeper
(July 15, 1993), 8th Dist. No. 63222; Alpine Terrace Condominium UnitAss'n., Inc. v. Volz (Nov. 4, 1992), 1st Dist. No. C-910852.
The March 1, 2001, Judgment Entry in this case orders the foreclosure sale of the property but does not resolve other fundamental issues in the foreclosure sale, namely, the number, priority and value of the other outstanding liens. Appellee's complaint named as defendants the Ohio Department of Taxation, the Treasurer of Mahoning County, and the United States of America. All of these defendants filed answers and cross-claims to the complaint, and it appears that all three have tax liens on Appellants' property. Because Appellee and the aforementioned lienholders requested the marshaling and determination of the status and priority of all outstanding liens, and because these lienholders are parties and cross-claimants to this suit, the March 1, 2001, order leaves significant issues unresolved. In our May 14, 2002, Journal Entry we determined that this appeal did not present a final, appealable order, regardless of the fact that the property was ordered to be sold.
We allowed the appeal to be held in abeyance for thirty days in order to permit the parties to file a motion in the trial court for an amended judgment entry. We held that, if no amended entry was forthcoming within thirty days, this appeal would be dismissed. We have not received an amended judgment entry from the trial court nor have we received any indication that such an entry was being prepared. Therefore, because more than thirty days have passed since the parties received notice of our May 14, 2002, Journal Entry and because we have not received an amended trial court entry, this appeal is hereby dismissed for lack of a final appealable order.
Vukovich, P.J., and DeGenaro, J., concur.