{¶ 14} Respectfully, I dissent because this court does not have jurisdiction for lack of a final appealable order. Contrary to the majority's recitation of facts in this case, the only facts I find pertinent to this appeal are the following.
 {¶ 15} As beneficiaries to the estate of decedent, Williams, plaintiffs filed suit against each of the defendants. In the complaint, plaintiffs present several claims, including negligence against Cockfield, and requests for a declaratory judgment regarding each of the defendant insurance companies. Beyond their requests that Williams be deemed an insured under each of the insurance policies, plaintiffs also seek from all the defendants monetary damages relating to "loss of support from the reasonably expected earning capacity of the decedent; loss of services; loss of companionship and society; loss of consortium; mental anguish; and medical, burial, and funeral expenses. Each of the plaintiffs specifically prayed for damages against Cockfield in an amount in excess of $25,000, plus costs." Plaintiffs further requested "that the Court declare that they are insureds under the policy of insurance referred to in Count Nine and that said insurance covers the losses described in the earlier counts." Plaintiffs demanded "reasonable attorney fees on all declaratory counts." Plaintiffs' complaint.
 {¶ 16} Plaintiffs and defendant filed motions for summary judgment and on September 5, 2001, the trial court entered two orders. The first follows: "PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (FILED 6/8/01) IS GRANTED. DEFENDANT PROGRESSIVE MAX COMPANY'S MOTION FOR SUMMARY JUDGMENT (FILED 6/11/01) IS DENIED. DEFENDANT AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (FILED 6/11/01) IS GRANTED IN PART AND DENIED AS TO THE REST. THIS COURT HEREBY FINDS AND DECLARES THAT JENNY WILLIAMS WAS AN INSURED UNDER THE PROGRESSIVE MAX INSURANCE POLICY AND THE AMERICAN GUARANTEE AND LIABILITY UMBRELLA POLICY. THIS COURT ALSO FINDS THAT THE AMERICAN GUARANTEE POLICY IS EXCESS TO ALL UNDERLYING INSURANCE AS A MATTER OF LAW." The other order concluded: "THERE IS NO JUST CAUSE FOR DELAY."
 {¶ 17} The next day, the trial court entered its last order: "CAPTIONED CASE IS HEREBY REFERRED TO MEDIATION WITH THE COURT MEDIATOR. HEARING SET FOR 9/18/01 AT 10:00 A.M." Defendant's appeal followed the court's last entry.
 {¶ 18} In the case at bar, I disagree with the majority because it prematurely reaches the merits of defendant's claimed error and ignores that this court lacks jurisdiction to consider this appeal. As a matter of proper appellate review, the jurisdictional question must be answered first.
 {¶ 19} Section 3(B)(2), Article IV of the Ohio Constitution governs the limited subject matter jurisdiction of Ohio appellate courts specifically providing in part:
 {¶ 20} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Bautista v. Kolis
(2001), 142 Ohio App.3d 169, 172, 754 N.E.2d 820.
 {¶ 21} An order of an inferior court is a final, appealable order only if the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, are met. Bautista, supra citing Chef Italiano Corp. v. KentState University (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Bautista, supra citing Davison v. Rini (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278. Even if the jurisdictional issue is not raised by the parties to an appeal, this court is, nonetheless, required to raise it on its own motion. Bautista, supra.
 {¶ 22} In the case at bar, the trial court's order deciding the coverage issue on summary judgment is not a final appealable order. It does not decide the amount of damages[2] or whether attorney fees are warranted.
 {¶ 23} R.C. 2505.02(B) sets forth five categories of final appealable orders:
 {¶ 24} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 25} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 26} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 27} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 28} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 29} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 30} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 31} In this case, it is clear that the trial court's order is not an order that vacates or sets aside a judgment or grants a new trial. It is also clear that it is not an order that determines that an action may or may not be maintained as a class action. Therefore, R.C.2505.02(B)(3) and (5) do not apply. Nor is the trial court's order an order concerning a provisional remedy,[3] because the order involves decisions on the parties' motions for summary judgment.
 {¶ 32} "Consideration of a summary judgment motion is not an ancillary proceeding. Summary judgment can be fully determinative of the issues before the court, and by its very terms, the trial court can grant final judgment on any or all pending claims. Therefore, the consideration of an issue by means of a summary judgment proceeding cannot be ancillary to the action." Bishop v. Dresser Industries, Inc. (1999),134 Ohio App.3d 321, 324, 730 N.E.2d 1079.
 {¶ 33} The granting of summary judgment is potentially determinative of the entire litigation. Therefore, it cannot be, by definition, an ancillary proceeding or a provisional remedy. Therefore, R.C. 2505.02(B)(4) is not applicable.
 {¶ 34} Nor does (B)(5) apply. The trial court's order is also not an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity. R.C. 2505.02(A)(2). "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." Bautista, supra at 173; Polikoff v. Adam (1993),67 Ohio St.3d 100, 616 N.E.2d 213, syllabus; Hayes v. White (Dec. 3, 2001), Columbiana App. No. 01C011, 2001 Ohio App. LEXIS 5467.
 {¶ 35} The underlying action in the case at bar is a wrongful death claim, which is an action for money damages under R.C. 2125.01. The Supreme Court of Ohio has specifically addressed whether such an action is a special proceeding. The Court in Stevens v. Ackman (2001),91 Ohio St.3d 182, 743 N.E.2d 901 held as follows: "This provision [R.C. 2125] does not `specially create' an action or proceeding that was not recognized at common law or in equity within the meaning of Polikoff or of R.C. 2505.02(A)(2)." The Court explained that the statute "does not provide for a remedy to be sought through `an original application to a court for a judgment or an order' (Ely, 56 Ohio St. at 407,47 N.E. at 538), it does not authorize `a special application to a court to enforce' a right (Schuster, 84 Minn. at 407, 87 N.W. at 1015), and it does not provide for what is `essentially an independent judicial inquiry' (Wyckoff, 166 Ohio St. at 538, 2 Ohio Op.2d at 260, 142 N.E.2d at 664)."
 {¶ 36} The Supreme Court also gave a second separate reason: "R.C.2505.02(A)(2) requires that for a proceeding to be special, it must be one `that prior to 1853 was not denoted as an action at law or a suit in equity. Ohio's first wrongful-death statute * * * was enacted in 1851. * * * Today's wrongful-death statute contains the essential provisions of the 1851 statute.'" The Court concluded that "the precise statutory definition of special proceeding is not met for that reason."
 {¶ 37} Typically, a summary judgment order declaring a plaintiff's entitlement to uninsured/underinsured motorist coverage is held to affect a substantial right of the insurance company and would, therefore, meet the requirement for a final appealable order under the statute. Stoverv. State Farm Ins. Co. (1998), 127 Ohio App.3d 590, 593, 713 N.E.2d 505.
 {¶ 38} However, "`it is only the underlying action that is to be examined to determine whether an order was entered in a special proceeding, and not the order itself which was entered within that action.' Walters v. Enrichment Center of Wishing Well, Inc. (1997),78 Ohio St.3d 118, 123, 676 N.E.2d 890." Bautista, supra.
 {¶ 39} As in Bautista and Indiana Ins. Co. v. Carnegie Constr.,Co. (1993), 91 Ohio App.3d 286, 632 N.E.2d 579, the case at bar, along with "the proceeding from whence it sprang, [is] not in form one created by statute, but merely a bifurcated proceeding to determine insurance coverage issues in a garden variety common-law subrogation/negligence/contract action." Indiana, supra at 290.
 {¶ 40} In Indiana, the trial court conducted a bifurcated proceeding to determine insurance coverage issues in a common-law action by an insurer for subrogation, negligence, and breach of contract against a contractor that claimed to be insured under their policy. The court noted that the proceeding was not a "special proceeding" because, despite the contractor's attempt to characterize the proceeding as a declaratory judgment action, it was not an action specially created by statute.
 {¶ 41} The trial court's order in the present case does not fit under R.C. 2505.02(B)(1), because it does not affect a substantial right in an action which determines the action and prevents a judgment. R.C.2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."
 {¶ 42} In State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543, 546, 684 N.E.2d 72, the Ohio Supreme Court acknowledged the general rule that "orders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment." See also Allen v. Johnson, 2002 Ohio 3404, 2002 Ohio App. LEXIS 3477; Hartley v. Givens (15, 1999), Cuyahoga App. No. 74739, 1999 Ohio App. LEXIS 3316.
 {¶ 43} Further, if attorney fees are requested, as is the case here, the issue of whether to award such fees and in what amount must be resolved before an appeal is taken. Otherwise, there is no final appealable order. Lawson v. Lawson, Lawrence App. No. 01CA31, 2002 Ohio App. LEXIS 331; Ft. Frye Teachers Assn. et al., v. Ft. FryeLocal School Dist. Bd. of Ed. (1993), 87 Ohio App.3d 840, 623 N.E.2d 232;Dayton Women's Health Ctr., Inc. v. Enix (1993), 86 Ohio App.3d 777,621 N.E.2d 1262.
 {¶ 44} The underlying action in this appeal is much like the hybrid cases addressed in Bautista, supra, State ex rel. White, supra, and Indiana, supra, because it not only requests a declaration of insurance coverage but also seeks a determination and award of damages and attorney fees. The trial court's order determines only that Williams is an insured and entitled to coverage under defendant's policy. The trial court's order not only leaves open for future determination the exact amount of damages plaintiffs will receive, but also fails to include a decision on the attorney fees request. I underscore the fact that after the court ruled on the motions for summary judgment, it referred the case to mediation, thus acknowledging that the issues relating to plaintiffs damages/fees remained outstanding. As such, the trial court's entry/order is merely interlocutory and not a final appealable order.
 {¶ 45} Because the trial court's order in the case at bar does not satisfy any condition set forth in R.C. 2505.02(B)(1)-(5), it is not, therefore, a final appealable order.
 {¶ 46} The trial court's order also fails as a final appealable order under this court's previous decision in Hall v. Strzelecki, Cuyahoga App. No. 80097, 2002 Ohio App. LEXIS 2284, in which it was held that in determining insurance coverage, "the court must do more than state that a party is or is not entitled to insurance coverage." In Strzelecki, supra, the trial court's order was virtually identical to the one in the case at bar in that it too failed to determine anything beyond the fact that plaintiff was an insured under his employer's policy.[4]
Such an order, without more, we held, "does not construe the terms of the insurance policy at issue and determine the parties' rights and obligations thereunder. R.C. 2721.04. Therefore, it is not final and appealable. Haberley v. Nationwide Mut. Fire Ins. Co. (2001),142 Ohio App.3d 312, 755 N.E.2d 455.
 {¶ 47} "This court has routinely noted that a trial court fails to fulfill its function when it disposes of the issues in a declaratory judgment action by journalizing an order sustaining or overruling a motion for summary judgment without setting forth any construction of the document under consideration. The issue has been raised frequently in cases in which a party demands a declaratory judgment concerning the construction of an insurance policy allegedly providing uninsured/underinsured motorists coverage. See, e.g., Haberley,142 Ohio App.3d 312, 755 N.E.2d 455; Nickschinski v. Sentry Ins. Co.
(1993), 88 Ohio App.3d 185, 623 N.E.2d 660; Motorists Mut. Ins. Cos. v.Grischkan (1993), 86 Ohio App.3d 148, 620 N.E.2d 190. Our decision in Haberley makes clear the trial court's construction of the insurance contract and declaration of rights is a jurisdictional concern, not merely an advisable practice." Strzelecki, supra at *6.
 {¶ 48} In addition to Strzelecki, supra, this court has also addressed the hybrid case in which a plaintiff seeks not only a declaration of rights under an insurance policy but also a determination of compensatory damages. In such a case, this court held, there is no final appealable order when the trial court summarily grants summary judgment without explicitly determining the rights of the parties under that policy.Haapala v. Nationwide Property Casualty Ins. Co. (Nov. 9, 2000), Cuyahoga App. No. 77597, 2000 Ohio App. LEXIS 5229; See Fioresi v. StateFarm Mutual Automobile Ins. Co. (1985), 26 Ohio App.3d 203, 499 N.E.2d 5;Kramer v. West American Ins. Co. (Oct. 6, 1982), Hamilton App. Nos. C-810829 and C-810891, 1982 Ohio App. LEXIS 13009. The majority in the case at bar clearly ignores this precedence and Ohio case law.
 {¶ 49} Lastly, I note that the trial court's including the Civ.R. 54(B) language "no just reason for delay" does not resolve the problem. Simply adding this language does not make appealable an otherwise non-appealable order. State ex rel. White v. Cuyahoga MetropolitanHousing Authority (1997), 79 Ohio St.3d 543, 684 N.E.2d 72; Kelbley v.Hurley (1994), 94 Ohio App.3d 409, 640 N.E.2d 1173; Fireman's FundInsurance Companies v. BPS Co. (1982), 4 Ohio App.3d 3, 446 N.E.2d 181;Hartley v. Givens, supra.
 {¶ 50} The trial court did not determine from plaintiff's previous settlement the amount of plaintiffs' compensatory damages under the policy's liability limits or any possible setoffs or the amount of their attorney fees. Because the trial court's order decided only the issue of insurance coverage, it is not a final appealable order regardless of what its entry says.
 {¶ 51} For the foregoing reasons, I dissent from the majority opinion because the present appeal is not a final appealable order, and, therefore, this court is without jurisdiction to review the merits of the appeal. I would remand this case to the trial court for further proceedings according to law.
[2] There is an additional task. Because plaintiffs settled with Cockfield and Progressive Preferred, their total damage recovery under defendant's policy will have to be set-off by these previous settlement amounts.
[3] A "provisional remedy" arises from a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence. R.C. 2505.02(A)(4).
[4] {¶ a}The court's complete entry stated:
 {¶ b} "* * * Plaintiff's mtn for S.J. is granted. This court finds that the plaintiff is afforded uninsured/underinsured motorist coverage under the Brotherhood Mutual Ins. Policy which had been issued to his employer, Cleveland Baptist Church.
 {¶ c} "In accordance w/Rule 54(B) this is a final judgment there is no just reason for delay. Final."