JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants, the City of Cleveland and its civil service commission, appeal from common pleas court orders denying their motion to dismiss and for summary judgment and granting summary judgment in favor of plaintiffs-appellees, Robert Fisher, the Association of Cleveland Firefighters ("ACF"), and the Cleveland Police Patrolmen's Association ("CPPA"). Appellee Fisher has cross-appealed, claiming that the court erred by failing to award him attorney's fees. For the following reasons, we find these orders are not final and appealable. Therefore, we must dismiss this matter.
 {¶ 2} Fisher and the ACF filed their complaint on July 23, 2002 and amended it on August 7 before an answer was filed. The amended complaint indicates that the action was commenced pursuant to R.C. 733.59
because the city failed to file an action regarding this matter on plaintiffs' demand.
 {¶ 3} The amended complaint claims that the city's civil service commission routinely demands the federal income tax returns of firefighters who are being investigated for compliance with the city's residency requirement. Fisher and ACF allege that income tax returns are confidential under both state and federal law, 26 U.S.C. § 6103 and R.C. 5747.18, and that the city's demand for them is an invasion of privacy. Therefore, Fisher and ACF request an injunction precluding the city and the civil service commission from demanding production of tax returns for inspection. They also request an award of attorney's fees and costs.
 {¶ 4} CPPA was given leave to intervene as a plaintiff in this action on October 24, 2002. It filed a separate complaint for an order requiring the defendants to cease and desist from further demands for inspection of the tax returns of CPPA members. The CPPA also seeks an award of attorney's fees.
 {¶ 5} Defendants moved to dismiss the complaints for failure to state a claim. The court denied this motion. All of the parties then moved for summary judgment. Plaintiffs also moved for an order nunc pro tunc to waive the statutory requirement that they provide security for costs. The court granted this motion.
 {¶ 6} On January 24, 2003, the court granted all plaintiffs' motions for summary judgment and denied defendants' motion. In a separate order, the court specifically held:
 {¶ 7} "Motion of Robert Fisher (filed 12/11/2002) for summary judgment is granted. The court, having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that Robert Fisher is entitled to judgment as a matter of law. Final."
 {¶ 8} Although the common pleas court's order grants summary judgment to plaintiffs, it does not expressly grant plaintiffs the only forms of relief they requested, injunctive relief and attorney's fees. An order granting summary judgment alone, without providing any remedy, is interlocutory and not appealable. Coon v. Barnes (1994), 95 Ohio App.3d 349
(injunction); Bautista v. Kolis (2001), 142 Ohio App.3d 169 (damages). Such an order does not determine the action and prevent a judgment.Coon, 142 Ohio App.3d at 352. Nor is it a final order under any of the other provisions of R.C. 2505.02(B). Therefore, we must dismiss this appeal for lack of jurisdiction.
 {¶ 9} The common pleas court is reminded that Civil Rule 65(D)[1]
sets forth specific requirements for orders granting injunctive relief which must be met in order for the injunction to be valid and enforceable. Planned Parenthood Assn. v. Project Jericho (1990),52 Ohio St.3d 56, 60-61.
Appeal dismissed.
COLLEEN CONWAY COONEY, J. and DIANE KARPINSKI, J., CONCUR
[1] Rule 65(D) provides: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding upon the parties to the action, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order whether by personal service or otherwise."