JOURNAL ENTRY AND OPINION
{¶ 1} The appellants, Michael Ayers, et. al., appeal from the ruling of the trial court, which denied their Motion to Modify, Vacate or Correct an Arbitration Award, rendered by the American Arbitration Association, against the appellees, R.A. Murphy Company, et al. After reviewing the record and for the reasons set forth below, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} Section 3(B)(2), Article IV of the Ohio Constitution governs the limited subject matter jurisdiction of Ohio appellate courts, specifically providing in part:
 {¶ 3} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Bautista v. Kolis,142 Ohio App.3d 169, 172, 2001-Ohio-3159, 2001-Ohio-3240,754 N.E.2d 820. An order of an inferior court is a final, appealable order only if the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, are met. Bautista, supra citing Chef ItalianoCorp. v. Kent State University (1989), 44 Ohio St.3d 86,541 N.E.2d 64.
 {¶ 4} Civ. R. 54(B) provides in part:
 {¶ 5} "The court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *."
 {¶ 6} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter, and the appeal must be dismissed. Bautista, supra citing Davison v.Rini (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278.
 {¶ 7} After reviewing the record in this case, we find that there are still claims pending against two named defendants who were not dismissed prior to this appeal, Roofing Systems Inc. and Midtown Roofing Supply Co. Joseph A Carey, president of Midtown Roofing, wrote a letter to the trial court requesting that his company be dismissed; however, the record reveals that the company was not dismissed and is still a party to this suit with pending claims against it. The record also reveals that defendant Roofing Systems, Inc., another company owned by Robert A. Murphy, is also still a party to this suit with pending claims against it. Therefore, there is no final judgment under Civ.R. 54(B).
Appeal dismissed.
It is ordered that appellees recover of appellants costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Rocco, J., concur.