OPINION
{¶ 1} Intervening plaintiff-appellant, Nationwide Mutual Fire Insurance Company (Nationwide), appeals a decision of the Jefferson County Common Pleas Court finding that Nationwide's right of subrogation has been extinguished and that it owes its insured, plaintiffs-appellees, Michael L. Patricia A. Layman (the Laymans), underinsured motorist coverage to the extent damages could be proven.
 {¶ 2} In October 1998, the Laymans suffered damages as the result of an automobile accident allegedly caused by the negligence of Ralph Welch (Welch). On August 9, 2000, the Laymans filed suit against Welch. Welch had an insurance policy with Progressive Insurance Companies (Progressive) with bodily injury liability limits of $25,000 per person with a total of $50,000 per accident. The Laymans had underinsured coverage through Nationwide. The case proceeded to discovery and other pre-trial matters. Nationwide, the Laymans' underinsured motorist coverage provider, was not a party to the case. Subsequently, the Laymans executed a full release settling their claims against Welch for $25,000 and the parties filed an agreed order of dismissal on December 5, 2002. The entry also indicated that the subrogation rights of Nationwide against Welch were terminated.
 {¶ 3} On February 27, 2003, Nationwide filed a motion to vacate that judgment based on lack of personal jurisdiction. The trial court granted the motion and allowed Nationwide to file its intervenors complaint. Nationwide filed its complaint requesting the trial court to declare that Nationwide had not consented to the settlement and had advanced Welch's settlement offer. Nationwide also sought retention of its subrogation rights against Welch for purposes of recovering the money it had advanced to the Laymans on their claim for underinsured motorist coverage.
 {¶ 4} Subsequently, the parties filed cross-motions for summary judgment. Nationwide argued that the Laymans breached the subrogation provisions of the policy. The Laymans argued that Nationwide unreasonably delayed giving its consent to the Laymans' settlement and advancing the liability proceeds, thereby terminating its subrogation rights. On April 14, 2004, the trial court granted the Laymans' motion for summary judgment finding that Nationwide's previous right of subrogation had been extinguished and that it owes the Laymans underinsured motorist coverage to the extent damages can be proven. This appeal followed.
 {¶ 5} On February 25, 2005, the Laymans filed a motion to dismiss the appeal arguing that the appeal is interlocutory and that orders granting summary judgment as to liability only are not appealable. The Laymans also pointed out that the trial court's order was never certified under Civ.R. 54(B).
 {¶ 6} Nationwide responded on March 7, 2005, arguing that its declaratory judgment action is a special proceeding and, therefore, a final appealable order under R.C. 2505.02. Nationwide also argues that since the Layman's have filed no claims against it, no claims remained to be adjudicated.
 {¶ 7} On March 14, 2005, this Court filed a journal entry addressing the question of whether the trial court's April 14, 2004 order is a final appealable order. We noted that a determination of the liability of the tortfeasor and the extent of damages remained, and that the order did not contain the required language of Civ.R. 54(B) when entering a final judgment on less than all of the claims or less than all the parties. We ordered the parties to file jurisdictional memorandums on the issue. On March 23, 2005, we held that "the motion to dismiss is continued and may be argued prior to the scheduled oral argument on the merits to this appeal."
 {¶ 8} The Ohio Supreme Court has set forth a two-part analysis when determining whether an order constitutes a final appealable order under Civ.R. 54. Wisintainer v. Elcen PowerStrut Co. (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136. First, the reviewing court must determine whether the order constitutes a final order as defined by R.C. 2505.02, and second, whether the trial court's order complies with the requirements of Civ.R. 54(B), if applicable. Id. at 354, 617 N.E.2d 1136.
 {¶ 9} R.C. 2505.02(B)(2) provides that a final order includes an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. A "special proceeding" is defined as an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity. R.C. 2505.02(A)(2). R.C. Chapter 2721, "Declaratory Judgments," provides a complete statutory scheme for obtaining declaratory relief. R.C. Title 27 has been designated special proceedings or special statutory proceedings. See Gerl Constr. Co. v. MedinaCty. Bd. of Commrs. (1985), 24 Ohio App.3d 59, 24 OBR 113,493 N.E.2d 270; Staff Notes to Civ.R. 1(C). Furthermore, declaratory judgments also have been called special statutory proceedings unknown to chancery. Pioneer Mut. Cas. Co. v. PennsylvaniaGreyhound Lines (1941), 68 Ohio App. 139, 150, 22 O.O. 282, 287,37 N.E.2d 412, 419.
 {¶ 10} In sum, it is generally recognized that a declaratory judgment action, by itself, is a "special proceeding" under R.C.2505.02, and declaratory judgment rulings setting forth the rights of parties constitute final, appealable orders. GeneralAcc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 540 N.E.2d 266, paragraph two of the syllabus. See, also, Bautista v. Kolis (2001), 142 Ohio App.3d 169, 173,754 N.E.2d 820. However, some courts have found that an order determining only liability and not damages in a declaratory judgment action does not constitute a final appealable order. InYoung v. Cincinnati Ins. Co., 8th Dist. No. 82395, 2003-Ohio-4196, the court noted that "piecemeal adjudication does not become appealable merely because [it is] cast in the form of a declaratory judgment." Id. at ¶ 7, quoting Curlott v.Campbell (C.A.9, 1979), 598 F.2d 1175, 1180, citing LibertyMutual Insurance Co. v. Wetzel (1976), 424 U.S. 737,96 S.Ct. 1202, 47 L.Ed.2d 435. The Young court then cited State ex rel.White v. Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543,546, 684 N.E.2d 72, where the Ohio Supreme Court acknowledged the general rule that "orders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment." For these reasons, and in addition to the fact that the order did not have the required Civ.R. 54(B) "no just reason for delay" language, the Young court then dismissed the appeal for lack of a final appealable order.
 {¶ 11} The Young decision illustrates two competing rules of law. One, that a declaratory judgment action, by itself, is a "special proceeding" under R.C. 2505.02, and declaratory judgment rulings setting forth the rights of parties constitute final, appealable orders. Two, that orders determining liability in the plaintiff's favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment. In this case, we hold that the first rule be considered a general rule and the second an exception to that rule.
 {¶ 12} Getting back to the two part analysis, the trial court's decision has to be examined in light of Civ.R. 54(B), which states:
 {¶ 13} "(B) Judgment upon multiple claims or involving multiple parties
 {¶ 14} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 15} In this case, the Laymans have never filed a complaint, cross-claim, counterclaim, or any other type of claim against Nationwide. Therefore, Nationwide argues, there remain no claims pending against it and Civ.R. 54(B) is not triggered.
 {¶ 16} A review of the record seems to bear out Nationwide's argument in this regard. The Layman's have never filed any claims against Nationwide. The Laymans have settled their claims against Welch. The only claim that remained after that was that of Nationwide seeking restoration of its subrogation rights. The trial court's April 14, 2004 order disposed of that when it held that Nationwide's previous right of subrogation had been extinguished and that it owes the Laymans underinsured motorist coverage to the extent damages can be proven. Therefore, it does not appear that Civ.R. 54(B) was triggered in this case and the absence of the "no just reason for delay" language is inconsequential. See Ohio Farmers Ins. Co. v. Perry (Aug. 29, 1997), 11th Dist. No. 96-A-0065.
 {¶ 17} However, as the trial court's entry makes clear, the issue of the extent of damages remains. Therefore, this appeal is hereby dismissed for lack of a final appealable order consistent with Ohio Supreme Court precedent dealing with orders that dispose of liability only and not damages.
 {¶ 18} Costs taxed against appellant.
Vukovich, J., concurs.
DeGenaro, J., concurs.