[Cite as *Sultaana v. Keefe Supply Co.*, 2017-Ohio-8531.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| HAKEEM SULTAANA, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-A-0047** |
| KEEFE SUPPLY COMPANY, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2017 CV 52.

Judgment:  Appeal dismissed.

*Hakeem Sultaana*, pro se, PID: A654-265, Warren Correctional Institution, 5787 State Route 63, Lebanon, OH  45036 (Plaintiff-Appellant).

*Tracey L. Turnbull* and *Brodie M. Butland*, Porter, Wright, Morris & Arthur, 950 Main Avenue, Suite 500, Cleveland, OH  44113 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1}   Appellant, Hakeem Sultaana, filed a complaint against appellee, Keefe Supply Company, asserting various breach of contract and negligence claims. After appellee filed its answer, appellant filed a motion to compel non-party, Lake Erie Correctional Institution, to comply with a subpoena request.  The trial court overruled appellant's motion.  Appellant filed a renewed emergency motion to compel non-party, Lake Erie Correctional, to comply with the discovery request.  Appellant appeals the trial court's June 29, 2017 denial of the renewed motion to compel.

{¶2} We must determine if the appealed entry is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's judgment can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *In re Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, a reviewing court has no jurisdiction to review it, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶3} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if a trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed. R.C. 2505.02(B) states:

{¶4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

2

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶12} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶13} "(7) An order in an appropriation proceeding * * *."

{¶14} For R.C. 2505.02(B)(1) to apply to the appealed entry, it must affect a substantial right, determine the action, and prevent further judgment. The order involved in this appeal does not fit into this category. Appellant is appealing the denial of a motion to compel a non-party to comply with a discovery request. A trial court's discovery orders (whether granting or denying the demand) are generally interlocutory and, thus, not immediately appealable. *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121 (1997). The trial court's entry is interlocutory in nature, and the issue is not yet ripe for review.

{¶15} For R.C. 2505.02(B)(2) to apply, the appealed entry must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Discovery orders are not special proceedings; they are pretrial aids to the final disposition of litigation. *Deascentis v. Margello*, 10th Dist. Franklin No. 04AP-4, 2005-Ohio-1520, at ¶ 27. This case does not involve a special proceeding, and R.C. 2505.02(B)(2) does not apply.

3

**{¶16}** In addition, it is clear that the appealed entry did not vacate a judgment, grant a provisional remedy, deal with a class action, determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80, or deal with an appropriation proceeding. Therefore, R.C. 2505.02(B)(3)-(7) have no application.

**{¶17}** To satisfy R.C. 2505.02(B)(4), an order must grant or deny a provisional remedy and satisfy both subsections (a) and (b) must apply. A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a * * * discovery or privileged matter * * *." R.C. 2505.02(A)(3). Although the denial of the discovery of privileged materials is a provisional remedy, appellant has not demonstrated that either requirement under subsection (a) or (b) of R.C. 2505.02(B)(4) has been met.

**{¶18}** An interlocutory order is simply not a final appealable order. Since there was no order dismissing or terminating the case, this appeal has been prematurely filed. Appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached. See *Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, at ¶ 5.

**{¶19}** Based upon the foregoing, the trial court's order denying appellant's renewed motion to compel a discovery request upon a non-party is interlocutory and is not immediately appealable. This appeal is hereby dismissed due to lack of jurisdiction.


DIANE V. GRENDELL, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only with a Concurring Opinion.

_____

4

THOMAS R. WRIGHT, J., concurs in judgment only with a Concurring Opinion.

**{¶20}** I concur in judgment only as the majority's analysis is flawed. In holding that the appealed ruling does not constitute a special proceeding, the majority focuses upon the nature of the order itself, rather than the nature of the action in which the ruling was entered. *Polikoff v. Adam*, 67 Ohio St.3d 100, 616 N.E.2d 213 (1993), issued more than 20 years ago states:

**{¶21}** "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in a special proceeding pursuant to R.C. 2505.02. (*Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, overruled.)"

**{¶22}** The majority cites *DeAscentis v. Margello*, 10th Dist. Franklin No. 04AP-4, 2005-Ohio-1520, for the proposition that discovery orders are not special proceedings. But *DeAscentis* is based upon *Kennedy v. Chalfin*, 38 Ohio St.2d 85, 310 N.E.2d 233 (1974). As *Kennedy* conflicts with and was decided nearly 20 years before *Polikoff*, reliance upon *Kennedy* is misplaced.

**{¶23}** I agree, nevertheless, with the majority's conclusion that the denial of appellant's motion to compel discovery is not a final appealable order. R.C. 2505.02(B)(2). Appellant's complaint asserts claims sounding in breach of contract and negligence, claims not created by statute, but instead "garden variety common-law" claims. *Indiana Ins. Co. v. Carnegie Constr. Co.*, 91 Ohio App.3d 286, 289, 632 N.E.2d 579 (2d Dist.1993). Because the underlying action is not a special proceeding, the trial court's discovery ruling is not immediately appealable.

5