AYERS et al., Appellants,

v.

R.A. MURPHY CO. et al., Appellees.

[Cite as *Ayers v. R.A. Murphy Co.*, 163 Ohio App.3d 497, 2005-Ohio-4993.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85762.

Decided Sept. 22, 2005.

James Konchan, for appellants.

Karl D. Kammer and Donald J. Huffman; Weston Hurd Fallon Paisley & Howley, Daniel A. Richards, and Shawn W. Maestle, for appellees.

KENNETH A. ROCCO, Judge.

{¶ 1} Plaintiffs-appellants, Michael Ayers and John Williams, appeal from a common pleas court order overruling their motion to modify, vacate, or correct an arbitration award pursuant to R.C. 2711.13. Defendants-appellees Robert A. Murphy and R.A. Murphy Company have filed a motion to dismiss this appeal for lack of jurisdiction because the common pleas court's order is not final and appealable. We find that we have no jurisdiction to review this matter. Therefore, we must dismiss this appeal.

{¶ 2} Appellants originally filed this action on November 22, 2000, naming nine defendants. As relevant to this appeal, an amended complaint filed December 20, 2000, alleged that appellees R.A. Murphy Co. and Roofing Systems, Inc., agreed to repair appellants' roof, but did not complete the work in a workmanlike manner. Appellants claimed that the appellees breached the contract and defrauded appellants by misrepresenting their skills and abilities.

{¶ 3} Appellees moved the court to stay the trial of this action pending arbitration pursuant to the parties' contract. The court granted this motion on February 6, 2001. On June 14, 2002, appellants filed a motion to modify, vacate, or correct the arbitration award. The court denied this motion on October 16, 2002, finding that "[a]fter having been given ample opportunity to do so, plaintiff has failed to file a supportable motion to modify, vacate, or correct the arbitration award." Appellants moved the court to reconsider this decision, but the court also overruled this motion.

{¶ 4} This court dismissed for lack of a final, appealable order appellants' two prior efforts to appeal from the denial of their motion to modify, vacate, or correct the arbitration award. *Ayers v. R.A. Murphy Co.*, Cuyahoga App. No. 82048; *Ayers v. R.A. Murphy Co.*, Cuyahoga App. No. 83937, 2004-Ohio-3297, 2004 WL 1403685. Appellant dismissed the pending claims against the remaining defendants and now appeals again from the denial of its motion to modify, vacate, or correct the arbitration award.

{¶ 5} Appellees have moved this court to dismiss this appeal for lack of a final, appealable order. Appellee points out that R.C. 2711.15 allows an appeal to be taken only "from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding." The court's order here does not confirm, modify, correct, or vacate the arbitration award, and therefore, appellee argues, the order is not appealable.

{¶ 6} This appears to be a case of first impression. In all the other cases we found in which an appellant challenged the denial of its motion to modify, vacate, or correct an arbitration award, the opposing party filed a motion to confirm the arbitration award, and the court entered an order confirming the award as well as denying the motion to modify, vacate, or correct. Here, however, appellees did not ask the court to confirm the award, and the court did not confirm it.

{¶ 7} This distinction is important. The court must confirm an arbitration award when it is asked to do so within one year of the day the award is made, unless the court modifies, vacates, or corrects the award. R.C. 2711.10. The court has discretion to confirm an arbitration award on an application made within a reasonable time after one year, if the opposing party is not prejudiced as a result of the delayed filing. *Russo v. Chittick* (1988), 48 Ohio App.3d 101, 548 N.E.2d 314. If the court is not asked to confirm the arbitration award, however,

it does not have either the obligation or the discretion to do so. Consequently, we cannot view the denial of appellants' motion to modify, vacate, or correct the award as the equivalent of a confirmation of the award. The court's order here did not confirm the arbitration award, or modify, vacate, or correct it. Therefore, it is not final and appealable. *Suttle v. DeCesare* (Sept. 15, 1999), Cuyahoga App. No. 76839, discussed in subsequent appeal, *Suttle v. DeCesare* (July 5, 2001), Cuyahoga App. No. 77753, 2001 WL 777016.

{¶ 8} Even if we were to find that the court's order was appealable under R.C. 2711.15, we would still need to overcome another hurdle. The Ohio Supreme Court has held that R.C. 2711.15 and 2505.02 must be read in pari materia, so "it is crucial that an order made pursuant to R.C. 2711.15 must satisfy the requirements of R.C. 2505.02 in order to be a final appealable order if the court of appeals is to have jurisdiction to hear an appeal from such an order." *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 126, 543 N.E.2d 1200. The Supreme Court has made clear that arbitration proceedings are not "special proceedings." Id.; *Gen. Elec. Supply Co. v. Warden Elec. Inc.* (1988), 38 Ohio St.3d 378, 382, 528 N.E.2d 195. To be an appealable order, therefore, an order denying a motion to modify, vacate, or correct an arbitration award must affect a substantial right and, in effect, determine the action and prevent a judgment. See R.C. 2505.02(B)(1).[1]

{¶ 9} No order was entered by the trial court on the merits of the arbitration award. The court may still enter an order confirming the award if a party requests it. Therefore, we hold that the trial court's order does not prevent a judgment and is not final and appealable.

Appeal dismissed.

BLACKMON, A.J., and KILBANE, J., concur.

---

1. An order denying a motion to modify, vacate, or correct an arbitration award does not meet the requirements of any of the remaining three types of final, appealable orders. It does not vacate or set aside a judgment or grant a new trial, grant or deny a provisional remedy, or determine that an action may or may not be maintained as a class action. R.C. 2505.02(B)(3), (4), and (5).