JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, NCO Portfolio Management Inc. ("NCO"), appeals the trial court's May 27, 2005 judgment entry denying its motion and application to confirm and enforce arbitration award and dismissing NCO's case with prejudice. For the reasons that follow, we reverse and remand.
 {¶ 2} The record before us demonstrates that NCO initiated its action on September 8, 2004 by filing a motion and application to confirm and enforce arbitration award. On December 16, 2004, the trial court issued an entry setting a pretrial for January 12, 2005, and admonishing NCO and defendant-appellee Evan B. Meredith that failure to appear would result in dismissal of the action or the possibility of default judgment, respectively.
 {¶ 3} On January 3, 2005, the trial court vacated its December 16, 2004 entry, finding that NCO's motion and application to confirm and enforce arbitration award was not in compliance with R.C. 2711.14. The court ordered NCO to supplement its motion by February 3, 2005, to be in compliance with said statute. The court further provided that the action would be dismissed upon NCO's failure to comply with the order.
 {¶ 4} On February 3, 2005, NCO filed a motion for extension of time to respond to what it called "the court's request to produce documents." On February 8, 2005, the trial court issued two entries: one denied NCO's motion for extension of time as being moot, stating that the court did not request production of documents but, rather, ordered NCO to supplement its motion or face dismissal of the action; the other granted NCO until March 3, 2005 to supplement its motion and application to confirm and enforce arbitration award.
 {¶ 5} On March 28, 2005, without leave of court, NCO filed a notice of filing of additional documents in support of its motion to confirm and enforce the arbitration award. On April 19, 2005, the court set a hearing on NCO's motion for May 25, 2005 at 9:00 a.m. On May 25, 2005, the hearing was called at 9:23 a.m. Neither a representative from NCO nor its counsel were present; the court thereupon denied NCO's motion and application to confirm and enforce arbitration award and dismissed the case with prejudice. The court's decision was memorialized in its May 27, 2005 entry, from which NCO now appeals.
 {¶ 6} Appellee failed to appear or otherwise defend in the trial court; similarly, he has not filed a brief on appeal.
 {¶ 7} Initially, we consider the finality of the entry from which NCO now appeals. R.C. 2711.15 provides that:
 {¶ 8} "An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."
 {¶ 9} R.C. 2505.02 provides in relevant part as follows:
 {¶ 10} "* * *
 {¶ 11} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 13} The Supreme Court of Ohio has held that R.C. 2711.15
and 2505.02 must be read in pari materia, so "it is crucial that an order made pursuant to R.C. 2711.15 must satisfy the requirements of R.C. 2505.02 in order to be a final appealable order if the court of appeals is to have jurisdiction to hear an appeal from such an order." Stewart v. Midwestern Indem. Co.
(1989), 45 Ohio St.3d 124, 126, 543 N.E.2d 100.
 {¶ 14} While the trial court, in denying NCO's motion for confirmation of the arbitration award and dismissing the case with prejudice, did not confirm, modify, correct, or vacate the arbitration award, it did issue an "order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Accordingly, we find that the May 27, 2005 judgment of the trial court is a final appealable order.[1]
 {¶ 15} In appellant's sole assignment of error contending that the trial court erred in denying its motion to confirm the arbitration award and dismissing its case with prejudice, NCO raises six issues for our review. We consider only the first issue, which is dispositive of the case.
 {¶ 16} In its first issue, NCO contends that, pursuant to R.C. 2711.09, the trial court must confirm the arbitration award, unless it vacates, modifies or corrects the award. We agree.
 {¶ 17} R.C. 2711.09 provides as follows:
 {¶ 18} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."
 {¶ 19} The arbitration award was rendered on June 3, 2004, and NCO filed its application on September 8, 2004. On March 28, 2005, NCO filed additional documents needed for its application. Although the documents were filed out of time pursuant to the court's February 8, 2005 entry granting NCO an extension of time until March 3, 2005, they were filed within the statutorily mandated time of one year from the date of the arbitration award.
 {¶ 20} Further, as already mentioned, appellee failed to appear or otherwise defend in the trial court proceedings and, hence, there was no motion to vacate, modify or correct the arbitration award before the court. The plain language of R.C.2711.09 states that the court "shall" confirm the award unless it vacates, modifies or corrects it.
 {¶ 21} Thus, the trial court erred in denying NCO's motion to confirm the arbitration award.
Judgment reversed; case remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Kilbane, J., concur.
[1] This case is distinguishable from this court's recent decision in Ayers v. R.A. Murphy Co. (2005),163 Ohio App.3d 497, 2005-Ohio-4993, 839 N.E.2d 80, which dismissed an appeal from a judgment denying a motion to modify, vacate or correct an arbitration award. In Ayers, no motion to confirm the arbitration award was ever filed. This court noted that "[t]he court must confirm an arbitration award when it is asked to do so within one year after the award is made, unless the court modifies, vacates or corrects the award. R.C. 2711.10." Id. at ¶ 7. Thus, this court reasoned that because "[t]he court may still enter an order confirming the award if a party requests it[,]" the entry appealed from was not a final appealable order. Id. at ¶ 9. In this case, a motion to confirm the arbitration award was filed and the court's dismissal of the action with prejudice precludes it from confirming the award. Thus, the entry in this case is final and appealable.